McMILLAN, Presiding Judge.
On March 21, 1997, G.L.C. pleaded guilty to unlawful possession of cocaine. The trial court sentenced him, as a youthful offender, to serve three years in the custody of the Department of Corrections. The court then suspended the sentence and placed G.L.C. on probation for three years.
The case action summary reflects the following:
(1) On July 13, 1998, G.L.C.’s probation officer filed a delinquency report. The circuit court issued an arrest warrant on July 14, 1998, but G.L.C. was not arrested until September 14, 1998. He remained in custody until December 12, 1998, when the delinquency report was withdrawn and the court permitted him to remain on probation.
(2) On March 14, 2000, G.L.C.’s probation officer filed a second delinquency report. The court issued an arrest warrant on March 17, 2000, but G.L.C. was *164 not arrested until July 27, 2001. He remained in custody until August 24, 2001, when he admitted at a revocation proceeding that he had violated the terms of his probation. The court ordered him to serve time in the city jail until October 25, 2001, and ordered his formal probation “extended for a period of ONE (1) YEAR from the date he is released.”
(3) On July 10, 2002, the appellant’s probation officer filed a third delinquency report. On October 4, 2002, the court ordered the report withdrawn. The court also ordered G.L.C. to pay “$75.00 a month toward costs” and extended his probation “until all monies have been paid in this case.”
(4) On April 22, 2003, G.L.C.’s probation officer filed a fourth delinquency report. The court issued an arrest warrant on June 10, 2003, but G.L.C. was not arrested until October 2, 2003. He remained in custody until November 13, 2003, when the court ordered the report withdrawn. The court continued G.L.C. on probation and credited him with $860 toward the moneys he owed, a credit of $20 per day for the 43 days he had spent incarcerated.
(5) On May 13, 2004, G.L.C.’s probation officer filed a fifth delinquency report. G.L.C. filed a motion to dismiss for lack of jurisdiction, “due to the passage of more than 5 [sic] years since G.L.C. was placed on probation.” On July 23, 2004, the trial court denied the motion to dismiss and conducted a revocation hearing. The court then revoked G.L.C.’s probation, on the grounds that he had failed to meet his financial obligations and that he had failed to report to the State probation office. The court ordered G.L.C. to serve his original three-year sentence and credited him for 70 days he had spent in jail.
G.L.C. contends that the trial court lacked jurisdiction to revoke his probation more than seven years after he was placed on probation. He argues that the term of his probation commenced at his sentencing and that, pursuant to § 15 — 19—6(a)(2), Ala. Code 1975, the maximum amount of time he could serve on probation as a youthful offender was three years. He argues that all proceedings that occurred after he was released from jail on October 25, 2001, were void.
The State argues that the trial court retained jurisdiction to revoke G.L.C.’s probation because, at the time the revocation proceedings were initiated, G.L.C. had not yet fulfilled the conditions of his probation nor had he been formally released from probation. The State further argues that the term of G.L.C.’s probation was tolled for various lengths of time and that the circuit court extended it twice because G.L.C. failed to fulfill all the conditions.
Section 15-19-6(a), Ala.Code 1975, sets out the alternative sentencing provisions that are available when the defendant is adjudged a youthful offender and the underlying charge is a felony. Raines v. State, 294 Ala. 360, 317 So.2d 559 (1975). The trial court may:
“(1) Suspend the imposition or execution of sentence with or without probation;
“(2) Place the defendant on probation for a period not to exceed three years;
“(3) Impose a fine as provided by law for the offense with or without probation or commitment;
“(4) Commit the defendant to the custody of the Board of Corrections for a term of three years or a lesser term.”
§ 15 — 19—6(a), Ala.Code 1975 (emphasis added).
Section 15-22-54(a), Ala.Code 1975, sets out the comparable probationary periods *165 for adult criminal defendants. The statute permits an adult who is convicted of a felony to be placed on probation for a maximum of 5 years. That term “contin-uéis] after the initial period of probation expire[s], until he satisfactorily fulfill[s] the conditions of his probation, reeeive[s] a formal discharge from probation or the five-year maximum period passe[s].” Sherer v. State, 486 So.2d 1330, 1332 (Ala.Crim.App.1986) (emphasis added).
In Owens v. State, 728 So.2d 673, 679 (Ala.Crim.App.1998), this court stated the following with regard to § 15-22-54(a):
“We acknowledge, of course, that a probationer cannot be sentenced to more than the maximum statutorily allowed time — that is to say, if no intervening event happens to toll the probation period, then the period cannot exceed two years from the date of sentencing for a misdemeanor and five years from the date of sentencing for a felony. If, however, before the expiration of the original court-ordered probation period or before the expiration of the maximum statutory probation period, revocation proceedings are begun, then the running of the applicable period is tolled. In that situation, the trial court retains jurisdiction to revoke a defendant’s probation, even if the actual revocation does not occur until after the two-year or five-year statutory maximum period.”
(Emphasis added.) “[T]he running of the period of probation must be considered tolled when a warrant of arrest for violation of probation is issued by the court.” Peoples v. State, 439 So.2d 774, 775 (Ala.Crim.App.1983). Furthermore, “[a]t any time during a term of probation, the court, for good cause shown, may extend the term of probation up to the maximum period permitted by law. Rule 27.3(a), Ala. R.Crim. P. (emphasis added).
The term of G.L.C.’s probation began on March 21, 1997, when he was placed on probation. The period ran until July 14, 1998, when it was tolled by the issuance of an arrest warrant following the filing of the first delinquency petition. The length of time G.L.C. served on probation before the tolling was approximately 1 year and 16 weeks.
G.L.C.’s probationary period began to run again on December 12, 1998, when the circuit court returned him to probation. That period ran until March 17, 2000, when it was again tolled by the issuance of the arrest warrant following the filing of the second delinquency petition. Before the second tolling, G.L.C. had served an additional period of approximately one year and 13 weeks.
G.L.C.’s probationary period began to run for a third time when he was returned to probation on October 25, 2001, after his release from jail. At that time, he had already served approximately 2 years and 29 weeks of the three-year maximum probationary period for a youthful offender. The three-year period expired approximately 23 weeks later, in April 2002.
The State correctly argues that probation may be continued until its conditions are fulfilled and the court issues a formal discharge. The State also correctly argues that a probationary period may be tolled and its term may be extended by the court. However, the period of probation cannot be extended beyond the statutory maximum. Rule 27.3(a), Ala. R.Crim. P. Revocation proceedings also must begin within the maximum period permitted by law. See Watkins v. State, 455 So.2d 160, 162 (Ala.Crim.App.1984) (reversing revocation of adult felony defendant’s probation because proceedings to revoke did not begin within the maximum five-year period); *166 Sherer v. State, 486 So.2d at 1331 (affirming revocation because the applicable probationary period had not expired when State initiated proceedings to revoke).
The maximum period G.L.C. could serve on probation as a youthful offender was 3 years. The circuit court lacked jurisdiction to impose the extensions on March 14, 2000, and July 10, 2002, or the revocation on July 23, 2004. The court’s order revoking probation must be reversed and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.