PER CURIAM.
 

 Mario Dion Woodward appeals the trial court’s revocation of his probation.
 

 Woodward presents three arguments on appeal; however, because of our disposition of this case, we need address only one. Woodward argues that the trial court lacked jurisdiction to revoke his probation on October 20, 2006, because, he says, he had been discharged from probation by order of the trial court on July 26, 2006.
 
 [1]
 
 We must agree.
 

 The record reflects that on June 10, 1999, Woodward pleaded guilty to possession of marijuana in the first degree. On June 25, 1999, he was sentenced to 12 years’ imprisonment, and on June 28,1999, the trial court suspended the sentence, and placed Woodward on three years’ probation. On July 28, 1999, the trial court amended the probationary period to five years. On November 25, 2003, Woodward’s probation officer filed a delinquency report alleging that Woodward had violated the terms and conditions of his probation by failing to report to his probation officer; failing to notify his probation officer of a change of address; failing to pay supervision fees; and failing to pay court-ordered moneys. On December 10, 2003, the trial court declared Woodward delinquent and ordered Woodward arrested. The notation indicating this action was mistakenly placed on the case-action-summary sheet for a Rule 32, Ala.R.Crim.P.,
 
 *943
 
 petition for postconviction relief Woodward had filed challenging his conviction (case no. CC-98-2170.60). On December 15, 2003, a capias warrant was issued for Woodward’s arrest. The notation indicating this action was placed on the case-action-summary sheet for Woodward’s original conviction (case no. CC-98-2170) and specifically referenced “page 2” of the case-action-summary sheet for the Rule 32 petition. (C. 1.) On July 26, 2006, the trial court signed a document entitled “State of Alabama Probation and Parole Office Interoffice Communication” in which it approved Woodward’s probation officer’s request that Woodward be discharged from probation effective July 26, 2006. The State does not dispute that this action by the trial court formally discharged Woodward from probation and terminated Woodward’s probationary term effective July 26, 2006.
 
 [2]
 

 On September 28, 2006, Montgomery Police Officer Keith Houts was shot. On September 29, 2006, Woodward was arrested in Georgia on a fugitive warrant relating to the shooting of Officer Houts. On September 30, 2006, Woodward waived extradition and was returned to Alabama; that same day, Officer Houts died as a result of his gunshot wounds.
 
 [3]
 
 Also that same day, the capias warrant previously issued on December 15, 2003, for Woodward’s alleged violation was served on Woodward. On October 6, 2006, Woodward appeared in court for an initial appearance under Rule 27.5, Ala.R.Crim.P. On October 12, 2006, the State filed a “Motion to Correct Clerical Mistake,” in which it averred that the July 26, 2006, order discharging Woodward from probation at the request of Woodward’s probation officer had been based on mistaken information provided by the probation officer, specifically, information that Woodward had completed his probationary term (which he had not) and had been on probation for over five years (which he had not); that a clerical mistake had occurred when the trial court’s declaration of Woodward as delinquent on December 10, 2003, had been entered on the case-action-summary sheet for Woodward’s Rule 32 petition and not on the case-action-summary sheet for Woodward’s conviction; that, consequently, a review of the case-action-summary sheet for Woodward’s conviction would not have revealed that his probationary term had been tolled in December 2003;
 
 [4]
 
 and that “Rule 29 of the Alabama Rules of Criminal Procedure authorizes the Court to correct such clerical mistakes.” (C. 4.) On October 18, 2006, the trial court issued an “Order to Correct Clerical Mistake,” in
 
 *944
 
 which it stated that Woodward’s probation had been tolled in December 2003; that Woodward had not completed his probationary term; that Woodward had not been on probation more than five years; that the information contained in the probation officer’s request for Woodward’s probation to be terminated was incorrect “as a result of a clerical mistake”; and that Rule 29, Ala.R.Crim.P., authorizes a court to correct clerical mistakes. The court then rescinded its July 26, 2006, order discharging Woodward from probation. On October 20, 2006, a probation-revocation hearing was conducted, after which the trial court revoked Woodward’s probation.
 

 We begin by noting that a probationary period does not end until: (1) the probationer satisfactorily fulfills all the conditions of probation and the actual probationary term ordered by the court expires, see § 15-22-54(a), Ala.Code 1975 (“When the conditions of probation or suspension of sentence are fulfilled, the court shall, by order duly entered on its minutes, discharge the defendant.”), and Rule 27.3(c), Ala.R.Crim.P. (“Probation automatically terminates upon successful completion of the term of probation set by the court”); (2) if the probationer has not satisfactorily fulfilled all the conditions of probation, the maximum period of probation allowed by law expires, see § 15-22-54(a), Ala.Code 1975 (“in no case shall ... the maximum probation period of a defendant guilty of a felony exceed five years”); or (3) the probationer is formally discharged from probation by the court, see § 15-22-54(b), Ala.Code 1975 (“The court granting probation may, upon the recommendation of the officer supervising the probationer, terminate all authority and supervision over the probationer prior to the declared date of completion of probation upon showing a continued satisfactory compliance with the conditions of probation over a sufficient portion of the period of probation.”), and Rule 27.3(b), Ala.R.Crim.P. (“At any time during a term of probation, the sentencing court may terminate probation and discharge the probationer absolutely, after notice to the prosecutor. Early termination may result from a motion of the probationer or the probation officer, or on the initiative of the court.”). See also
 
 G.L.C. v. State,
 
 910 So.2d 163 (Ala.Crim.App.2005); Owe
 
 ns v. State,
 
 728 So.2d 673 (Ala.Crim.App.1998);
 
 Sherer v. State,
 
 486 So.2d 1330 (Ala.Crim.App.1986);
 
 Watkins v. State,
 
 455 So.2d 160 (Ala.Crim.App.1984); and
 
 Hamilton v. State,
 
 441 So.2d 1035 (Ala.Crim.App.1983). Initiation of proceedings to revoke probation, such as the issuance of an arrest warrant or the filing of a delinquency report by a probation officer, see
 
 Young v. State,
 
 552 So.2d 879 (Ala.Crim.App.1989), tolls the running of the probationary term if the process is begun before the probationary term ends, see
 
 Owens,
 
 supra, and a trial court retains jurisdiction to revoke probation even after the probationary period has expired so long as the revocation proceedings were initiated within the maximum probationary term, see
 
 Sherer,
 
 supra, and
 
 Watkins,
 
 supra.
 

 In this case, revocation proceedings were initiated in December 2003, within the five-year probationary period, and this action tolled the running of Woodward’s probationary period, as the State correctly asserts in its brief. However, it is undisputed
 
 [5]
 
 that, after tolling Woodward’s probationary term, the court formally discharged Woodward from probation on July 26, 2006, thus ending Woodward’s probationary term. The only question, then, is whether the trial court had the authority nearly three months later, on October 18,
 
 *945
 
 2006, to rescind its July 26, 2006, order discharging Woodward from probation.
 

 Generally, a trial court retains jurisdiction to modify a judgment for only 30 days after that judgment is entered. See, e.g.,
 
 Loggins v. State,
 
 910 So.2d 146 (Ala.Crim.App.2005), and
 
 Ex parte Bishop,
 
 883 So.2d 262 (Ala.Crim.App.2003). This general rule applies in the context of probation. See, e.g.,
 
 Davis v. State,
 
 644 So.2d 44 (Ala.Crim.App.1994). However, Rule 29, Ala.R.Crim.P., on which the trial court relied in rescinding its July 26, 2006, order, provides:
 

 “Clerical mistakes in judgments, orders, or other parts of the record, and errors arising from oversight or omission may be corrected by the court at anytime of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court. Whenever necessary, a transcript of the record as corrected may be certified to the appellate court in response to a writ of certiorari or like writ, in conformity with Rule 10(f), A.R.App.P.”
 

 The Committee Comments to this rule provide, in pertinent part:
 

 “Rule 29 is taken directly from Rule 60(a), [Ala.]R.Civ.P.... While the rule is intended to deal solely with correction of clerical errors and not judicial errors in the rendition of judgments and orders, evidence outside the record that was previously excluded from consideration may be received and considered. Also the rule, unlike the statute, [Title 7, §§ 556-570, Code of Alabama 1940, which was not recodified in the 1975 Code] does not have an outside time limitation, and clerical errors can be corrected under the rule even after an appeal has been completed.”
 

 “Because Rule 29 is taken directly from Rule 60(a), Ala.R.Civ.P., cases construing Rule 60(a) should be examined to determine the proper construction to be placed on Rule 29.”
 
 Dollar v. State,
 
 687 So.2d 209, 210 (Ala.1996).
 

 In
 
 Ex parte Brown,
 
 963 So.2d 604 (Ala.2007), the trial court issued an order in a divorce case awarding custody of the minor child to the mother and ordering the father to pay child support. The father filed an untimely motion to alter, amend, or vacate the judgment. Over two months after its initial order, the trial court amended its order to award custody of the minor child to the father and to order the mother to pay child support. The mother petitioned the Alabama Court of Civil Appeals for a writ of mandamus, arguing that because the father’s motion to alter, amend, or vacate was untimely, the trial court lacked jurisdiction to modify its original order. While the case was pending on appeal, the trial court issued a third order, in which it stated that its first order— awarding custody of the minor child to the mother and ordering the father to pay child support — had been issued in error; that its intention in issuing the first order had been to award custody of the minor child to the father and to order the mother to pay child support; that it was uncertain as to how or why the parties had been reversed in the order; and that its second order was only a correction of the clerical mistake reversing the parties in the first order. The Court of Civil Appeals granted the writ. The father then petitioned the Alabama Supreme Court for a writ of mandamus, arguing that the trial court’s second order was merely a correction of a clerical mistake under Rule 60(a), Ala.R.Civ.P. The Supreme Court agreed, explaining:
 

 “In
 
 Higgins v. Higgins,
 
 952 So.2d 1144, 1147-48 (Ala.Civ.App.2006), the Court of Civil Appeals provided an in
 
 *946
 
 structive discussion of the scope of a trial court’s authority to correct a clerical mistake, stating:
 

 “ ‘ “The object of a Rule 60(a)[, Ala.R.Civ.P.,] motion or a judgment nunc pro tunc is to make the judgment or the record speak the truth. Under Rule 60(a) a correction may be made by the trial court at any time.
 

 “ ‘ “The trial court’s authority to enter a Rule 60(a) order or a judgment nunc pro tunc is not unbridled. It cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said. If the mistake involves an exercise of judicial discretion, any correction is beyond the scope of Rule 60(a) and should properly be effected under Rule 59(e) or Rule 60(b)[, Ala.R.Civ.P.][
 
 6
 
 ]”
 

 “
 
 ‘McGiboney v. McGiboney,
 
 679 So.2d 1066, 1068 (Ala.Civ.App.1995) (citations omitted).
 

 “ ‘Chief Justice Torbert explained the proper application of Rule 60(a) in his special concurrence in
 
 Ex parte Continental Oil Co.,
 
 370 So.2d 953, 955-56 (Ala.1979):
 

 “ ‘ “Although there is no precise delineation in the cases construing Rule 60(a) of the [Alabama Rules of Civil Procedure] or its federal counterpart as to what constitutes a ‘clerical mistake or error arising from oversight or omission,’ generally it can be said that
 
 the rule allows the correction of errors of a ministerial nature in order to reflect what was actually intended at the time of entry of the order.
 
 The rule contemplates the type of error associated with mistakes in transcription, alteration, or omission of any papers and
 
 documents
 
 — a
 
 mistake mechanical in nature which does not involve a legal decision or judgment. In re Merry Queen Transfer Corp.,
 
 266 F.Supp. 605 (E.D.N.Y.1967). In this respect it has been stated that:
 

 “ ‘ “ ‘Rule 60(a) is concerned primarily with mistakes which do not really attack the party’s fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it. To that end 60(a) permits, inter alia, reasonable additions to the record. In contrast, Rule 60(b) is concerned with changing a final judgment, etc. In such a case the moving party understandably shoulders a much heavier burden.’
 

 “ ‘
 
 “United States v. Stuart,
 
 392 F.2d 60, 62 (3rd Cir.1968).
 
 Corrections involving an exercise of judicial discretion or judgment modifying or enlarging a judgment or order are beyond the purview of Rule 60(a)
 
 and should properly be effected under Rule 59(e) or 60(b). ‘Thus
 
 a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.’
 
 Wright & Miller & Kane,
 
 Federal Practice & Procedure
 
 § 2854, at 149 (1973). This court has stated:
 

 “ ‘ “ ‘The object of a judgment
 
 nunc pro tunc
 
 is not the rendering of a new judgment and the ascertainment and determination of new rights, but is one placing in proper form on the record, the judgment
 
 *947
 
 that had been previously rendered, to make it speak the truth, so as to make it show what the judicial action really was,
 
 not to comet judicial errors, such as to render a judgment ivhieh the count ought to have rendered, in the place of the one it did erroneously render, nor to supply non-action by the court, however erroneous the judgment may have been.'
 

 “ ‘
 
 “Wilmerding v. The Corbin Banking Co.,
 
 126 Ala. 268, 273, 28 So. 640, 641 (1900).
 

 “ ‘ “Since a correction pursuant to Rule 60(a) may be made at any time and on the trial court’s initiative, the rule should be cautiously applied to preserve the integrity of final judgments. Otherwise, the finality of a judgment would only be illusory since the possibility would exist of substitution of a new judgment for the original one at a later date. Therefore, it is essential that there be something in the record from which the mistake or error to be corrected may be gleaned. See
 
 Ex parte ACK Radio Supply of Georgia,
 
 283 Ala. 630, 219 So.2d 880 (1969);
 
 Busby v. Pierson,
 
 272 Ala. 59, 128 So.2d 516 (1961);
 
 Tombrello Coal Co. v. Fortenberry,
 
 248 Ala. 640, 29 So.2d 125 (1947). Stated differently, the fact of mistake or error must be supported by the record of the proceedings. See
 
 Harris v. Harris,
 
 256 Ala. 192, 54 So.2d 291 (1951).” ’
 

 “In Deramus Hearing Aid Center, Inc. v. American Hearing Aid Associates,
 
 950 So.2d 292 (Ala.2006), this Court addressed the issue whether a trial court had the authority to correct a clerical error in its written order entering a summary judgment for the wrong party. In its corrected order, issued over two months after the original order, the trial court stated that it had inadvertently entered a summary judgment in favor of Deramus Hearing and that the record of the summary-judgment hearing would support its original intent to enter a summary judgment for American Hearing. Deramus Hearing appealed, arguing that the amended order contained corrections that were not clerical in nature and, consequently, that Rule 60(a), Ala.R.Civ.P., did not authorize the trial court to make such a substantive change in the order. This Court held that Rule 60(a), Ala.R.Civ.P., was broad enough to authorize the trial court to correct such an inadvertent error because the correction did not involve a reweighing of the evidence or reflect a change of mind regarding the decision. The Court noted that the trial court stated that the record would establish that the original order had improperly entered a summary judgment for Deramus Hearing because the record clearly established
 
 the intent of the trial court
 
 to enter a summary judgment for American Hearing. This Court, recognizing that the corrected order made the record speak the truth, held that the trial court did have the authority to set aside its original order entering a summary judgment for Deramus Hearing and issue a new order entering a summary judgment for American Hearing.
 

 “Like the materials before us in
 
 Deramus Hearing,
 
 the materials in this case clearly establish that the trial court, when it issued the June 29, 2006, order, was correcting a scrivener’s error in its April 18, 2006, order, making the record speak the truth. The fact that the April 18, 2006, order awarded custody of a child designated as ‘Haley’ to the mother evidences that that order contained clerical errors. Additionally, the trial court’s amended order indicates that the corrections did not involve a reweighing of the evidence, a change of mind, or the rendering of a ‘different’ judgment. The trial court’s changes here involved
 
 *948
 
 corrections to make the record speak the truth. Because the trial court’s corrections did not involve judicial reasoning or the rendering of a ‘different’ judgment, the trial court, pursuant to Rule 60(a), Ala.R.Civ.P., had the authority to correct and was thereby acting within its discretion in correcting the mechanical errors in its April 18, 2006, order by issuing the June 29, 2006, order. As we stated in
 
 Deramus Hearing,
 
 ‘[a] contrary conclusion would require this Court to call into question the veracity of the trial court by contradicting the trial court’s express disavowal of any such intention. This we decline to do.’ 950 So.2d at 295. Therefore, the Court of Civil Appeals erred when it ordered the trial court to vacate its June 29, 2006, order and to reinstate the April 18, 2006, order.”
 

 963 So.2d at 607-09 (footnote omitted; some emphasis added).
 

 In
 
 Pierce v. American General Finance, Inc.,
 
 991 So.2d 212 (Ala.2008), American General filed an ejectment action against Pierce. In response, Pierce filed a motion to dismiss or to stay the proceedings, alleging that he had filed a petition for bankruptcy and that the bankruptcy case was still pending. The trial court then issued an order stating that American General’s action would be dismissed without prejudice unless it obtained leave from the bankruptcy court to prosecute its claims. American General then notified the court that Pierce’s bankruptcy case had been dismissed, and the court set a trial date. However, some two months before the trial date, the trial court issued an order dismissing the action on the ground that American General had not complied with its order that it obtain leave from the bankruptcy court to prosecute its claims, even though American General had complied with the order and notified the court of the dismissal of the bankruptcy case. Subsequent to the order dismissing the case, the trial court set another trial date. Following the trial, the trial court entered a judgment in favor of American General. On appeal, Pierce argued that the trial court’s judgment in favor of American General was void because the court had previously entered a judgment of dismissal. After finding no basis in Rule 59, Ala.R.Civ.P., justifying the trial court’s judgment in favor of American General, the Alabama Supreme Court held that Rule 60(a), Ala.R.Civ.P., did not authorize the trial court to set aside its original dismissal more than 30 days after the dismissal had been entered. The Court explained:
 

 “The Committee Comments on 1973 Adoption of Rule 60(a) explain that the rule
 

 “ ‘deals solely with the correction of clerical errors. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). Thus, the Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.’
 

 [[Image here]]
 

 “Even if we were to assume that the circuit court’s orders following its dismissal of the case constituted an invocation of Rule 60(a), despite the absence of any order referencing that rule, any error in the entry of the judgment dismissing the case was not the kind of mistake ‘associated with mistakes in transcription, alteration, or omission of any papers and documents’ that can be corrected pursuant to Rule 60(a). For this Court to hold otherwise would allow Rule 60(a) to be used ‘to supply non-action by the court’ in the place of its action and to make its judgment ‘say something other than what was originally announced.’ This is not the function of Rule 60(a).”
 

 
 *949
 
 991 So.2d at 216-17. See also
 
 Ex parte P & H Constr. Co.,
 
 723 So.2d 45 (Ala.1998) (noting a trial court’s setting aside of an earlier summary judgment does not constitute a clerical mistake under Rule 60(a), Ala.R.Civ.P.), and
 
 Crowson v. Woolard Bros.,
 
 879 So.2d 1203 (Ala.Civ.App.2003) (holding that a trial court’s amendment to a previous order finding plaintiff permanently and totally disabled as a result of work-related injuries to find that plaintiff suffered only a 98% vocational disability was a substantive change in judgment not authorized by Rule 60(a), Ala.R.Civ.P.).
 

 Whether an amendment to a judgment is considered a correction of a clerical error authorized by Rule 60(a), Ala.R.Civ.P., or Rule 29, Ala.R.Crim.P., is determined by the trial court’s intent at the time it issued the original judgment. “When the intent of the trial court is clear, Rule 60(a), Ala.R.Civ.P., gives the trial court the necessary power to correct clerical mistakes in a judgment so that the judgment reflects what was intended to be done.”
 
 Bergen-Patterson, Inc. v. Naylor,
 
 701 So.2d 826, 828 (Ala.Civ.App.1997). However, “while [Rule 60(a), Ala.R.Civ.P.,] authorizes a court to amend a judgment to correct a clerical error, [it] does not authorize the court to render a different judgment.”
 
 Mullins v. Mullins,
 
 770 So.2d 624, 625 (Ala.Civ.App.2000). “Although Rule 60(a) states that a court may correct a clerical mistake or an error arising from oversight or omission ‘at any time,’ this does not authorize a second review of a judgment.”
 
 Cornelius v. Green,
 
 521 So.2d 942, 945 (Ala.1988). “If the mistake involves an exercise of judicial discretion, any correction is beyond the scope of Rule 60(a).”
 
 McGiboney v. McGiboney,
 
 679 So.2d 1066, 1068 (Ala.Civ.App.1995).
 

 In this case, the trial court’s October 18, 2006, order rescinding its July 26, 2006, order discharging Woodward from probation clearly involved judicial discretion and the rendering of a different judgment and was, thus, not authorized by Rule 29, Ala.R.Crim.P. The October 18, 2006, order did not merely correct a clerical mistake in the previous July 26, 2006, order discharging Woodward from probation, but rescinded that order altogether. Moreover, there is nothing in the record that indicates, as was the case in
 
 Ex parte Brown,
 
 supra, that the trial court did not intend to discharge Woodward from probation when it signed the order on July 26, 2006. In its October 18, 2006, order, the trial court merely stated that its July 26, 2006, order had been issued based on incorrect information that had resulted from a clerical mistake;
 
 [7]
 
 however, it did not state that it had not intended to discharge Woodward from probation when it signed the July 26, 2006, order.
 

 In addition, although “evidence outside the record that was previously excluded from consideration may be received and considered” by the court in correcting a clerical mistake under Rule 29, there was no evidence presented here that was “excluded from consideration” when the trial court issued its July 26, 2006, order. To the contrary, the fact that Woodward had not completed his probationary term and the fact that his probationary term had been tolled in December 2003 — the two main pieces of information relied on by the trial court in rescinding its July 26, 2006, order — were clearly reflected on the trial court’s own case-action-summary sheet for Woodward’s conviction, which also specifically referenced the case-action-summary sheet for Woodward’s Rule 32 petition, and both of those case-action-summary sheets
 
 *950
 
 were readily available to the trial court when it discharged Woodward from probation on July 26, 2006. Although clearly the trial court should not have discharged Woodward from probation based on Woodward’s true probationary status, Rule 29, Ala.R.Crim.P., does not authorize corrections to a judgment that resulted from judicial error, no matter how erroneous the original judgment was at the time it was rendered. “A trial court may correct a judgment or order in a manner to speak the truth only, not to change what the trial court originally intended and pronounced.”
 
 Ex parte Bailey,
 
 778 So.2d 163, 165 (Ala.2000).
 

 For the reasons stated above, we have no choice but to conclude that the trial court’s October 18, 2006, order rescinding its July 26, 2006, order discharging Woodward from probation was not authorized by Rule 29, Ala.R.Crim.P. Therefore, the trial court lacked jurisdiction to rescind its July 26, 2006, order on October 18, 2006, more than 30 days after the July 26, 2006, judgment was rendered. Likewise, because Woodward was discharged from probation on July 26, 2006, the trial court also lacked jurisdiction to revoke his probation on October 20, 2006, some three months after Woodward’s probationary term had ended.
 

 Based on the foregoing, the judgment of the trial court is reversed, and this cause remanded for the trial court to set aside its revocation of Woodward’s probation and to reinstate its July 26, 2006, order discharging Woodward from probation.
 

 REVERSED AND REMANDED.
 

 McMILLAN, SHAW, WISE, and WELCH, JJ., concur. BASCHAB, P.J., recuses herself.
 

 [1]
 

 . Alternatively, Woodward argues that his five-year probationary period, which began in
 
 1999, had
 
 expired in 2004, without ever having been tolled. In its brief, the State argues that neither of Woodward's arguments regarding when his probationary term ended were properly preserved in the trial court. However, both of Woodward’s arguments impact the jurisdiction of the trial court to revoke his probation and, thus, did not have to be preserved in the trial court. See, e.g.,
 
 Mumpfield v. State,
 
 872 So.2d 205, 207 (Ala.Crim.App.2003) (claim that trial court erred in revoking probation after probationary term had ended was “jurisdictional and therefore not subject to waiver”). We also note that, although the State alternatively addresses in its brief the merits of Woodward's argument that his probationary period had never been tolled, it does not specifically address the merits of Woodward’s argument that the trial court had discharged him from probation in July 2006.
 

 [2]
 

 .Indeed, in both a motion filed by the State in the trial court (see discussion infra) and in its brief on appeal, the State expresses the view that this order did, in fact, terminate Woodward's probation. See State’s brief at p. 4 (noting that ”[o]n July 26, 2006, according to an interoffice communication by the Probation and Parole Office, Woodward’s probation was terminated”); at p. 12 (referring to the July 26, 2006, order as "the order terminating probation”); at p. 14 (referring to the July 26, 2006, order as "the act of terminating Woodward’s probation”); at p. 15 (referring to the July 26, 2006, order as "the order terminating probation”); and at p. 16 (referring to the July 26, 2006, order as “the order terminating probation”).
 

 [3]
 

 . Woodward is currently incarcerated without bond on a charge of capital murder relating to Officer Houts’s death.
 

 [4]
 

 . This assertion is incorrect. As noted above, the notation indicating that a capias warrant had been issued for Woodward’s arrest on December 15, 2003, was entered on the case-action-summary sheet for Woodward’s original conviction, and that notation specifically referred to the case-action-summary sheet for Woodward's Rule 32 petition. Thus, a simple review of the case-action-summary sheet for Woodward's conviction would have shown that Woodward's probationary period had been tolled.
 

 [5]
 

 . See notes 1 and 2, supra.
 

 [6]
 

 . The Alabama Rules of Criminal Procedure do not have anything comparable to Rule 60(b), Ala.R.Civ.P., which permits a trial court to relieve a party of a final judgment upon a motion, even if that motion is filed more than 30 days after the judgment.
 

 [7]
 

 . We note, however, that this clerical mistake was never corrected by the trial court; the case-action-summary sheet for Woodward's conviction was never amended to reflect that on December 10, 2003, Woodward was declared delinquent.