On Return to Remand 
*

BURKE, Judge.
Jason Bradley Jones appeals the revocation of his probation. He was originally convicted of obtaining a controlled substance by fraud and was sentenced, on July 8, 2010, to 15 years’ imprisonment; that sentence was split, and he was ordered to serve 90 days. His confinement was to be followed by 24 months of probation. Jones was charged with violating his probation by failing to avoid injurious and vicious habits. He tested positive for amphetamines and benzodiazepines on January 3, 2012, and for methamphetamine on January 5, 2012, and was referred for inpatient treatment for drug addiction. During treatment, he tested positive for methamphetamine. Thereafter, when he reported to his probation officer, he was allegedly “stuttering and staggering,” and tested positive for benzodiazepines and opiates. (C. 6.) He was also charged with violating his probation by failing to complete the inpatient treatment. Jones had been enrolled in four different treatment facilities and was discharged from at least two of these facilities for testing positive for drugs. Jones’s probation officer noted in his report that Jones’s probation for this offense was due to expire on July 8, 2012, and that Jones still owed court-ordered moneys. The probation officer recommended that Jones’s probation be extended for a year or until he paid the amount owed. The court signed and approved the recommendation, and so ordered on August 20, 2012. Jones paid the court-ordered moneys on March 29, 2013.
Thereafter, on April 25, 2013, he was again charged with violating his probation. This report noted that Jones had been serving a 24-month probationary period that had been extended for one year. He was charged with committing a new offense, occurring on April 3, 2013, when he was arrested for domestic abuse against his wife. He was also charged with the *502 failure to avoid injurious and vicious habits for testing positive for drugs on two occasions, April 3, 2013 and April 23, 2013. Finally, he was charged with failing to report his change of address on April 3, 2013. An arrest warrant was issued on May 15, 2013.
A hearing was apparently held on June 12, 2013 (C. 11, 13); however, no record of the hearing was transcribed. A supplemental record contains an order from the circuit court on the date that the hearing was set, stating: “Case called. Court finding technical violation. Defendant placed in custody for 90 days. Defendant shall enroll in and complete Truth and Recovery Program.” (Supp. C. 3.) Jones filed a motion to alter, amend, or vacate, arguing that pursuant to the court’s order, his probation was extended for only one year or until he paid his court ordered moneys in full. Therefore, he alleged, because he paid all fines and moneys due on March 29, 2013, his probation was completed on that date and the court’s subsequent order should be vacated. He further argued that the treatment facility in which the court ordered him to enroll was in fact a halfway house that cost more money than he could afford and, therefore, he asked for an alternative “that can be completed in less than a one year minimum, that is less expensive, and does not require that he live openly with other drug users.” (Second Supp. C. 8.) The circuit court denied the motion by an order entered on July 1,2013.
On appeal, Jones argues that the court erred in revoking his probation because he had completed all the terms of his probation five days prior to the commission of the technical violation that resulted in the present revocation of his probation. He further argues that the proceedings in his previous probation revocation did not toll his present probation.
In Woodward v. State, 3 So.3d 941 (Ala.Crim.App.2008), this Court stated:
“We begin by noting that a probationary period does not end until: (1) the probationer satisfactorily fulfills all the conditions of probation and the actual probationary term ordered by the court expires, see § 15-22-54(a), Ala.Code 1975 (“When the conditions of probation or suspension of sentence are fulfilled, the court shall, by order duly entered on its minutes, discharge the defendant.’), and Rule 27.3(c), Ala. R.Crim. P. (‘Probation automatically terminates upon successful completion of the term of probation set by the court’); (2) if the probationer has not satisfactorily fulfilled all the conditions of probation, the maximum period of probation allowed by law expires, see § 15-22-54(a), Ala. Code 1975 (‘in no case shall ... the maximum probation period of a defendant guilty of a felony exceed five years’); or (3) the probationer is formally discharged from probation by the court, see § 15-22-54(b), Ala.Code 1975 (‘The court granting probation may, upon the recommendation of the officer supervising the probationer, terminate all authority and supervision over the probationer prior to the declared date of completion of probation upon showing a continued satisfactory compliance with the conditions of probation over a sufficient portion of the period of probation.’), and Rule 27.3(b), Ala. R.Crim. P. (‘At any time during a term of probation, the sentencing court may terminate probation and discharge the probationer absolutely, after notice to the prosecutor. Early termination may result from a motion of the probationer or the probation officer, or on the initiative of the court.’). See also G.L.C. v. State, 910 So.2d 163 (Ala.Crim.App.2005); Owens v. State, 728 So.2d 673 (Ala.Crim.App.1998); Sherer v. State, 486 So.2d 1330 (Ala.Crim.App.1986); Watkins v. State, *503 455 So.2d 160 (Ala.Crim.App.1984); and Hamilton v. State, 441 So.2d 1035 (Ala.Crim.App.1983). Initiation of proceedings to revoke probation, such as the issuance of an arrest warrant or the filing of a delinquency report by a probation officer, see Young v. State, 552 So.2d 879 (Ala.Crim.App.1989), tolls the running of the probationary term if the process is begun before the probationary term ends, see Owens, supra, and a trial court retains jurisdiction to revoke probation even after the probationary period has expired so long as the revocation proceedings were initiated within the maximum probationary term, see Sherer, supra, and Watkins, supra.”
3 So.3d at 944.
The record indicates that the probationary period ordered by the court expired when Jones’s payment of the court-ordered moneys was received, because the expiration of his probationary period was alternatively upon payment of the moneys or one year. The violations occurred after this period. “Probation automatically terminates upon successful completion of the term of probation set by the court.” Rule 27.3(c), Ala. R.Crim. P. “When the. conditions of probation or suspension of sentence are fulfilled, the court shall, by order duly entered on its minutes, discharge the defendant.” § 15-22-54, Ala.Code 1975. “Upon completion or early termination of a term of probation, the court shall order the probationer to be discharged absolutely, and the clerk of the court, upon request, shall furnish the probationer -with a certified copy of the order of discharge.” Rule 27.3(d), Ala. R.Crim. P. Thus, Jones should have been discharged on March 29, 2013, upon payment of the court-ordered moneys, and the order revoking his probation is reversed and this case remanded.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH and JOINER, JJ., concur.
KELLUM, J., concurs in the result.

 Note from the reporter of decisions: On March 11, 2014, the Court of Criminal Appeals issued an order remanding this case to the trial court, with instructions. On April 21, 2014, the trial court filed a return to the Court of Criminal Appeals’ remand order. This opinion followed.