JOINER, Judge.
Lavell Jerelle Perkins appeals the circuit court’s revocation of his probation. We reverse and remand.

Facts and Procedural History

On March 22, 2012, Perkins pleaded guilty to manslaughter, see § 13A-6-3, Ala.Code 1975, and was sentenced to 15 years’ imprisonment; that sentence was split, and Perkins was ordered to serve 3 years’ imprisonment followed by 3 years’ probation. Perkins was released from the custody of the Alabama Department of Corrections on April 4, 2013,[1] and, at that point, began serving his three-year probationary term.
Thereafter, on September 24, 2013, “a writ of arrest was issued for [Perkins]” and, on February 20, 2014, Perkins’s probation “was partially revoked for 18 months and [he was] given credit for the time he had already served. The end date of the 18-month partial revocation was on or about April 20, 2015.” (C. 18.)
On March 26, 2015, Whitney McGill Ma-holovich, Perkins’s probation officer, filed a letter with the circuit court noting that Perkins’s “end of probation” date was June 29, 2015. (Supplemental Record on Appeal, C. 16.) In that letter, Officer Maho-lovich provided the following explanation for setting Perkins’s “end of probation” date for June 29, 2015:
“After Perkins’fs] probation was reinstated following a partial revocation, Your Honor amended his 3 year probation sentence to 2 years. Your Honor requested that 6 months after he was released from the partial revocation, his file be closed. This would mean Perkins will reach his end of sentence date in June 2015.”
(Supplemental Record on Appeal, C. 16 (emphasis added).) The circuit court signed that letter on a blank line next to the phrase: “I concur.”[2] (Supplemental Record on Appeal, C. 16.)
Approximately four months after the “end of sentence date” noted in Officer Maholovich’s letter, “[o]n November 3, 2015[, Perkins] was arrested for Assault 2nd Degree for allegedly shooting a victim twice with a gun.” (C. 18.) On November 5, 2015, the State filed a motion to revoke Perkins’s probation, in which the State alleged, among other things, that, although Perkins’s “State Probation supervision was terminated June 29, 2015,” Perkins remained on “informal probation for the remaining year of his probationary sentence.” (C. 18.)
On November 6, 2015, the circuit court issued an order, finding that there existed “probable cause to issue a warrant for the failure to comply with the terms and conditions of the probationary order issued by this Court” and issuing an “Alias Writ of Arrest” for Perkins. (C. 14.)
On January 14, 2016, the circuit court conducted a probation-revocation hearing. At that hearing, Perkins’s appointed counsel argued:
“Judge, [the State] filed to revoke [Perkins’s] probation. Whitney [Maho-lovich] filed a letter with the court saying that Mr. Perkins was no longer on probation and that he should be released. Subsequent to that, [the State] *396 filed a motion to revoke [Perkins’s] probation saying that while the State was no longer supervising [Perkins] because his probation had been tolled in the past that he was still on informal probation. I had asked for some additional time to ,.,get. a transcript of the first probation revocation because Whitney [Maholo-.vich] was under the impression that you had instructed her to allow probation to terminate. So I talked to [the court reporter] about the transcript. She looked it up for me, and essentially what you said at that hearing was you partially revoked him to serve 18 months, and after you did that, you said and once hié’s served that time, we’ll need to have a hearing on whether he needs to continue on probation or not. Okay? So that hearing never took place; so I think he was on probation.”
(R. 4.) Thereafter, the following exchange occurred:
“[Prosecutor]: .., [T]he basic procedural chronology to the outline [in the motion to revoke Perkins’s probation] is , correct. There’s no order from the court terminating—
“The Court: He’s on probation.”
(R. 4-5.) At the conclusion of the hearing, the circuit court revoked Perkins’s probation and memorialized that decision in a written order. Thereafter,'Perkins filed a timely notice of appeal.

Discussion

On appeal, Perkins argues that Officer Maholovich’s letter to the circuit court explaining that Perkins’s probation was set to- terminate on June 29, 2015, and the circuit court’s decision to-endorse that letter as “concurring” in Officer Maholovich’s termination assessment resulted in Perkins’s probation terminating on June 29, 2015. Thus, according to Perkins, the circuit court committed reversible error when it initiated the probation-revocation proceeding against him on November 6, 2015, and decided to revoke his probation on January 14, 2016.
The State, on the other hand, argued in the circuit court that, although Perkins’s “State Probation supervision was terminated June 29, 2015,” Perkins remained on “informal probation for the remaining year of his probationary sentence” (C. 18.), and now contends on appeal’ that Perkins’s argument—that his probation terminated on June 29, 2015—is premised on Officer Ma-holovich’s misunderstanding of the circuit court’s February 20, 2014, order partially revoking Perkins’s probation. Specifically, the State, in its brief on appeal, argues:
“The partial revocation of Perkins’[s] probation on February 20, 2014, tolled his probationary period. Perkins began serving a three-year probationary term April 4, 2013.[3] On September 24, 2013, a writ of arrest was issued for Perkins, tolling his probation. On February 20, 2014, Perkins was partially revoked for eighteen months. The end date of the eighteen month partial revocation was April 10, ’2015, so essentially Perkins only served twelve months[’] probation. Since the letter written by Perkins’[s] probation officer was clearly a misinterpretation of the trial court’s order, and Perkins was never formally discharged from probation, Perkins still remained on probation when he was arrested for assault in the second degree on November 3, 2015. Therefore, the trial court retained jurisdiction to revoke Per *397 kins’[s] probation on the new offense and Perkins’[s] probation had not terminated.”
(State’s brief, p. 6 (citations omitted).)
“In Woodward v. State, 3 So.3d 941 (Ala.Crim.App.2008), this Court stated:
“ ‘We begin by noting that a probationary period does not end until: (1) the probationer satisfactorily fulfills all the conditions of probation and the actual probationary term ordered by the court expires, see § 15-22-54(a), Ala.Code 1975 (“When the conditions of probation or suspension of sentence are fulfilled, the court shall, by order duly entered on its minutes, discharge the defendant.”), and Rule 27.3(c), Ala. R.Crim. P. (“Probation automatically terminates upon successful completion of the term of probation set by the court”); (2) if the probationer has not satisfactorily fulfilled all the conditions of probation, the maximum period of probation allowed by law expires, see § 15-22-54(a), Ala.Code 1975 (“in no case shall ... the maximum probation period of a defendant guilty of a felony exceed five years”); or (3) the probationer is formally discharged from probation by the court, see § 15-22-54(b), Ala.Code 1975 (“The court granting probation may, upon the recommendation of the officer supervising the probationer, terminate all authority and supervision over the probationer prior to the declared date of completion of probation upon showing a continued satisfactory compliance with the conditions of probation over a sufficient portion of the period of probation.”), and Rule 27.3(b), Ala. R.Crim. P. (“At any time during a term of probation, the sentencing court may terminate probation and discharge the probationer absolutely, after notice to the prosecutor. Early termination may result from a. motion of the probationer or the probation officer, or on the initiative of the court.”). See also G.L.C. v. State, 910 So.2d 163 (Ala.Crim.App.2005); Owens v. State, 728 So.2d 673 (Ala.Crim.App.1998); Sherer v. State, 486 So.2d 1330 (Ala.Crim.App.1986); Watkins v. State, 455 So.2d 160 (Ala.Crim.App.1984); and Hamilton v. State, 441 So.2d 1035 (Ala.Crim.App.1983). Initiation of proceedings to revoke probation, such as the issuance of an arrest warrant or the filing of a delinquency report by a probation officer, see Young v. State, 552 So.2d 879 (Ala.Crim.App.1989), tolls the running of the probationary term if the process is begun before the probationary term ends, see Owens, supra, and a trial court retains jurisdiction to revoke probation even after the probationary period has expired so long as the revocation proceedings were initiated within the maximum probationary term, see Sherer, supra, and Watkins, supra.’
“3 So.3d at 944.”'
Jones v. State, 158 So.3d 500, 502-03 (Ala.Crim.App.2014).
Here, the record on appeal establishes that Perkins’s probation officer filed a letter with the circuit court explaining that, based on the circuit court’s instructions, Perkins’s probation would terminate on June 29, 2015. Although the State contends that the probation officer’s assessment was based on a misunderstanding of the circuit court’s February 14, 2014, order partially revoking Perkins’s probation,[4] the circuit court “concurred” with the proba *398 tion officer’s assessment and affixed his signature to that letter. Additionally, although the State, in its motion to revoke Perkins’s probation, alleged that Perkins remained on “informal” probation after June 29, 2015 (C. 18), nothing in the record on appeal indicates that the circuit court intended that Perkins remain on “informal” probation after June 29, 2015; rather, the letter signed by the circuit court clearly explained that “Perkins -will reach his end of sentence date ” on June 29, 2015.
Because Perkins’s probation officer filed a letter with the circuit court explaining that Perkins would reach the end of his sentence oh June 29, 2015, and the circuit court signed that letter “concurring” with the probation officer’s “end of sentence date,” Perkins should have been discharged from his probation on June 29, 2015. See Rule 27.3(b), Ala. R.Crim. P. (“At any time during a term of probation, the sentencing court may terminate probation and discharge the probationer absolutely, after notice to the prosecutor. Early termination may result from a motion of the probationer or the probation officer, or on the initiative of the court.”). Thus, the circuit court did not have jurisdiction to initiate a probation-revocation proceeding against Perkins on November 6, 2015, or to revoke his probation on January 14, 2016.[5] Accordingly, the circuit court’s January 14, 2016, order revoking Perkins’s probation is reversed and we remand this case to the circuit court for that court to set aside its order revoking Perkins’s probation.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, KEL-LUM, and BURKE, JJ., concur.

. The facts and procedural history of this case are taken largely from the State’s motion to revoke Perkins’s probation, which facts are adopted by Perkins in his brief on appeal.

. Officer Maholovich's letter also includes the handwritten notation: "Deft to be released.” (Supplemental Record on Appeal, C. 16.) Although that handwritten notation appears next to the circuit court's signature, the record on appeal does not demonstrate who made that handwritten notation.

3. Although the State, in its brief on appeal and in its motion to revoke Perkins’s probation, alleges that Perkins began serving his term of probation on April 4, 2013, in her letter to the circuit court, Officer Maholovich explained that Perkins began serving his term of probation on March 18, 2013. (Supplemental Record on Appeal, C. 16.)

. Although the State in its brief on appeal references the circuit court’s February 20, 2014, order partially revoking Perkins’s probation, the record on appeal does not include any order dated February 20, 2014, nor does it include any order partially revoking Perkins’s probation.

. We have recognized that
"[initiation of proceedings to revoke probation, such as the issuance of an arrest warrant or the filing of a delinquency report by a probation officer, see Young v. State, 552 So.2d 879 (Ala.Crim.App.1989), tolls the running of the probationary term if the process is begun before the probationary term ends, see Owens[ v. State, 728 So.2d 673 (Ala.Crim.App.1998)], and a trial court retains jurisdiction to revoke probation even after the probationary period has expired so long as the revocation proceedings were initiated within the maximum probationary term, see Sherer[ v. State, 486 So.2d 1330 (Ala.Crim.App.1986) ], and Watkins[ v. State, 455 So.2d 160 (Ala.Crim.App.1984)].’"
Jones, 158 So.3d at 503. In this case, the circuit court did not initiate probation-revocation proceedings against Perkins until November 6, 2015—over four months after his June 29, 2015, end-of-sentence date. Thus, Perkins’s term of probation was not tolled by the initiation of the probation-revocation proceedings.