78 So.2d 923

**Jessie Lewis SMITH**

v.

**Melvin HUTSON, as President of Mutual
Savings Life Insurance Company.**

**8 Div. 790.**

Supreme Court of Alabama.

March 24, 1955.

Russell W. Lynne, Decatur, for appellee.

SIMPSON, Justice.

Appellant, Jessie Lewis Smith, filed a petition for mandamus in the circuit court of Morgan County against Melvin Hutson, president of Mutual Savings Life Insurance Company, a corporation. The petition alleged that upon receiving the proper payment, the corporation above referred to issued a certificate for one hundred shares of stock to "Jessie Lewis Smith or Jack Neill." Subsequent thereto a certificate for a one-hundred-percent stock dividend was issued in like manner. Appellant transferred the last-mentioned one hundred shares to herself by an indorsement and appointed Melvin Hutson to effect such transfer on the books of the company, it being alleged that he is the proper person to perform this function. The indorsement was signed only by Jessie Lewis Smith. The prayer is for a writ of mandamus to Melvin Hutson compelling him to effect a transfer of the shares of stock on the books of the corporation. Defendant filed demurrer which in effect raised the question of the grounds of whether or not the indorsement requires the name of Jack Neill before it is effective. The court sustained the demurrer and when the petitioner refused to plead further the petition was dismissed.

Our decision must turn on the meaning and effect of the word "or" in the phrase "Jessie Lewis Smith or Jack Neill." Numerous decisions from the courts of this country have dealt with this word.—30 Words and Phrases 33. From them we find that it has three common usages: (1) as a disjunctive, (2) as a conjunctive, (3) as an introductory or connective word to an appositive, e. g., "a fiddle or violin." But we note that in the best considered opinions the primary use of the word is deemed

Byran McAfee, Decatur, for appellant.

to be as a disjunctive.—30 Words and Phrases 63, 67. Most cases which construe "or" to mean "and" do so to reconcile an ambiguity, rectify an obvious mistake, or carry out the clear meaning of the party or parties who used the word.—30 Words and Phrases 39. See Harris v. Parker, 41 Ala. 604, 615. Some confusion exists in the cases where courts apparently think that the mere use of the word "or" creates an ambiguity, so they change it to "and" to clarify matters. The practice creates more confusion in the law than it alleviates.

Though applicable only by analogy, we think it worthy to note two widespread usages of the word "or" in commercial practice. It was originally held by most courts that an instrument was not negotiable if it was made payable to "A or B." This rule was based on the supposed uncertainty of the payee and was "supported more by archaic precedent than sound logic." Page v. Ford, 65 Or. 450, 131 P. 1013, 45 L.R.A.,N.S., 247. The Uniform Negotiable Instruments Law provides that an instrument "may be drawn payable to the order of: * * * (5) one or some of several payees * * *." See Title 39, § 12, Alabama Code 1940. Under this provision it is held that an instrument payable to "A or B" is negotiable and may be indorsed by "A" alone. Page v. Ford, supra; Voris v. Schoonover, 91 Kan. 530, 138 P. 607, 50 L.R.A.,N.S., 1097.

The general public today is very familiar with Series E, United States Savings Bonds. Treasury regulations prescribe that they may be issued in the following form:

> "(2) *Two persons; coownership form.* In the name of two (but not more than two) persons in the alternative as coowners, for example: John A. Jones or Mrs. Ella S. Jones."—31 C.F.R. § 315.4 (1953 Pocket Part)

The regulations also provide that the bonds may be presented for payment by only one of the coowners. 31 C.F.R. § 315.29 (1953 Pocket Part).

An analogy is also found in our statute providing that bank deposits in the name of two or more persons payable to either may be paid to either. See Title 5, §§ 128(2) and 128(2a), Code 1940, Pocket Part.

We are moved to hold that the word "or" is a disjunctive unless the context in which it was used shows clearly that the contrary was intended and that the petition was not subject to the asserted demurrer.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.