On March 14, 2001, Roger Crowson sued Woolard Brothers, Inc. ("the employer"), seeking workers' compensation benefits for injuries he received in the line and scope of his employment in October 1997 and December 2000. The employer answered and denied liability. Before the final hearing on this matter, the parties stipulated that Crowson was injured while performing his job-related duties. The parties further stipulated, among other things, that Crowson's treating physician placed him on restrictions permitting him to work only four hours per day with a five-minute break every 30 minutes and preventing him from working at unprotected heights.
The trial court held an ore tenus hearing on September 24, 2002, and it entered a final judgment on October 4, 2002; it found Crowson to be permanently and totally disabled as a result of his work-related injuries and awarded him benefits accordingly. The case action summary reflects the trial court's entry of the October 4, 2002, final judgment. No postjudgment motions were filed from the trial court's October 4, 2002, judgment. On November 12, 2002, the trial court entered a second judgment purporting to find that Crowson suffered a 98% vocational disability as a result of his work-related injury. The case action summary does not reflect the entry of the November 12, 2002, judgment. No postjudgment motions were filed from the trial court's November 12, 2002, judgment. On December 5, 2002, the trial court entered an order, ex mero motu, purporting to rescind its October 4, 2002, judgment and stating that the October 4, 2002, judgment was "entered inadvertently." The trial court further stated that the November 12, 2002, judgment was the opinion of the trial court and the final judgment of the trial court. No postjudgment motions were filed. Crowson appealed from the *Page 1205 
trial court's November 12, 2002, judgment and December 5, 2002, order.
Crowson contends on appeal that the trial court did not have jurisdiction to amend its October 4, 2002, judgment. Specifically, Crowson argues that the employer made no postjudgment motion pursuant to Rule 60(b), Ala. R. Civ. P.; therefore, he argues, the trial court had no authority to withdraw and amend its original October 4, 2002, judgment. Further, Crowson contends that the change made in the trial court's November 12, 2002, judgment did not correct a clerical error pursuant to Rule 60(a), Ala. R. Civ. P. Based on the above arguments, Crowson asserts that the trial court's October 4, 2002, order is a final judgment.
In its December 5, 2002, order rescinding the October 4, 2002, judgment, the trial court stated that the October 4, 2002, judgment was "inadvertently" granted. Although the trial court does not directly cite to Rule 60(b), Ala. R. Civ. P., in its December 5, 2002, order, it appears that the trial court attempted to use Rule 60(b) as a basis for its purported withdrawal of its original October 4, 2002, judgment. Rule 60(b) states, in pertinent part:
 "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."
(Emphasis added.)
The record indicates, and the employer admits on appeal, that the employer did not file a Rule 60(b) motion in the trial court. "Rule 60(b) requires that a party move for relief from a judgment, and does not provide for sua sponte relief by the trial court." Ex parte P H Constr. Co., 723 So.2d 45, 49
(Ala. 1998) (footnote omitted). Accordingly, the trial court could not have, pursuant to Rule 60(b), rescinded its October 4, 2002, judgment by entering the December 5, 2002, order. We also note that neither party filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., and that the trial court's November 12, 2002, judgment was entered outside the 30 days allowed by that rule. No appeal was taken from the October 4, 2002, judgment.
In order for the trial court to have had jurisdiction to enter an order on its own initiative amending its prior judgment in this case, it would have had to amend its judgment pursuant to Rule 60(a), Ala. R. Civ. P. That rule provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Rule 60(a), Ala. R. Civ. P. The "Committee Comments on 1973 Adoption" of Rule 60(a) state:
 "[Rule 60(a)] deals solely with the correction of clerical errors. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). Thus, the Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced."
(Emphasis added.)
This court has previously held that Rule 60(a) "contemplates the type of error associated with mistakes in transcription, alteration, or omission of any papers and documents — a mistake mechanical in nature which does not involve a legal decision or judgment." Michael v. Michael, 454 So.2d 1035, 1037
(Ala.Civ.App. 1984). Rule 60(a) "cannot be used to modify or enlarge *Page 1206 
a judgment nor to make the judgment say something other than what was originally pronounced." Michael, 454 So.2d at 1037; Wilsonv. Banks, 611 So.2d 1025 (Ala. 1992); and McGiboney v.McGiboney, 679 So.2d 1066 (Ala.Civ.App. 1995). Under the facts of this case, it is clear that the trial court's November 12, 2002, judgment changed the trial court's findings regarding the employee's disability. We conclude that Rule 60(a) does not authorize changes of such a substantial nature. See generallyWilson v. Leck's 66 Serv. Station, 513 So.2d 620, 621
(Ala.Civ.App. 1987) (noting that the rule authorizing the correction of clerical errors "does not authorize the trial court to render a different judgment"). The trial court's attempt to set aside its previous judgment had no legal effect; therefore, its judgment of October 4, 2002, remains its final judgment in this matter.
REVERSED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.