On April 22, 2004, American Hearing Aid Associates, Inc. ("American Hearing"), *Page 293 
sued Deramus Hearing Aid Center, Inc., and Glenda Deramus (hereinafter referred to collectively as "Deramus"), alleging breach of contract and seeking damages in the amount of $87,739.35.
Both American Hearing and Deramus filed a motion for a summary judgment. On April 19, 2005, the trial court conducted a hearing and on April 22, 2005, it entered an order, stating that it was granting Deramus's motion for a summary judgment. On June 17, 2005, the trial court, on its own initiative, entered an "Amended Order and Judgment," purportedly for the purpose of including the amount of the judgment awarded to American Hearing, inadvertently omitted from the April 22, 2005, hearing. The amended order states:
 "This cause came before the Court on [American Hearing's] Motion for Summary Judgment seeking a summary judgment against [Deramus] in the total amount of Eighty-Seven Thousand Seven Hundred Thirty-Nine Dollars and Thirty-Five Cents ($87,739.35) plus court costs. The Motion for Summary Judgment was heard on April 19, 2005 before this Court. After carefully reviewing [American Hearing's] Motion for Summary Judgment and all evidence submitted by [American Hearing] and [Deramus] in support of the Motion for Summary Judgment, including an affidavit and the oral arguments, this Court determinated that the Motion for Summary Judgment was due to be GRANTED. On April 22, 2005, an Order was issued granting [American Hearing's] Motion for Summary Judgment, however, said Order failed to include the amount of the money judgment. It is therefore,
 "ORDERED, ADJUDGED AND DECREED, that [American Hearing] is hereby awarded a judgment against [Deramus] in the amount of $87,739.35, plus court costs."
On June 29, 2005, the trial court, on its own initiative, entered what is styled as a "FINAL ORDER" setting aside the April 22, 2005, order entering a summary judgment in favor of Deramus as having been inadvertently entered. The trial court explained in its final order that the record of the April 19, 2005, hearing would support its original intent to enter summary judgment in favor of American Hearing. The trial court further explained that the June 17, 2005, amended order and judgment reflected its original decision to enter a summary judgment in favor of American Hearing. The final order states:
 "The Court hereby CORRECTS the record as it relates to its order dated April 22, 2005, granting summary judgment in favor of [Deramus]. The court inadvertently entered said order and hereby orders that the order is set aside and held for naught. The record of the April 19, 2005 hearing on the motions for Summary Judgment by both parties will support the court's intention to grant summary judgment in favor of [American Hearing]. The AMENDED ORDER AND JUDGMENT entered and filed on June 17, 2005 is the true representation of the court's decision in this matter."
(Capitalization in original.)
Deramus filed a motion pursuant to Rule 60(b)(4), Ala. R. Civ. P., seeking relief from the final order. The trial court summarily denied this motion, and Deramus filed a motion to alter, amend, or vacate the final judgment, which the trial also denied.
Rule 60(a), Ala. R. Civ. P., provides that a trial court may correct a clerical mistake in a judgment at any time own its own initiative. The Committee Comments on 1973 Adoption of Rule 60(a), Ala. R. Civ. P., *Page 294 
citing West Virginia Oil Gas Co. v. George E. BreeceLumber Co., 213 F.2d 702 (5th Cir.1954), state that a "Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced." Black's LawDictionary 582 (8th ed.2004), defines "clerical error" as "[a]n error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and notfrom judicial reasoning or determination." (Emphasis added.) On appeal, Deramus contends that the trial court's June 17, 2005, amended order and judgment and its June 29, 2005, final order contain corrections that are not clerical in nature and that they are, therefore, void. Specifically, Deramus says that Rule 60(a), Ala. R. Civ. P., does not authorize the trial court to enter a judgment different from the judgment originally pronounced because such a change is substantial in nature and can be effected only under Rule 60(b) and Rule 59(e), Ala. R. Civ. P.
Deramus relies upon Crowson v. Woolard Bros.,879 So.2d 1203 (Ala.Civ.App. 2003), to support its contention that the trial court in the instant case improperly used Rule 60(a), Ala. R. Civ. P., to render a subsequent judgment different from the judgment originally pronounced. We find Crowson, however, readily distinguishable from the instant case. InCrowson, the trial court entered an initial judgment finding that Crowson had been permanently and totally disabled as a result of a work-related injury. The trial court thereafter entered a second judgment purporting to find that Crowson had suffered a 98% vocational disability as a result of the work-related injury. The Court of Civil Appeals reversed the trial court's second judgment, concluding that in finding that Crowson had suffered a 98% disability the trial court changed its initial findings regarding the employee's disability and that such a change was substantial in nature and could not be effected under Rule 60(a), Ala. R. Civ. P.
In the instant case, it is undisputed that the trial court conducted a hearing on April 19, 2005, for the sole purpose of determining which party was entitled to a summary judgment. While the transcript of that hearing is not before this Court, it is clear from the June 17, 2005, amended order and judgment as well as from the June 29, 2005, final order that the trial court intended to enter a summary judgment in favor of American Hearing. The trial court refers to the "record" of the April 19, 2005, hearing. Either the trial court had a transcript of that hearing before it or assumed that one was available that would substantiate its recollection regarding what transpired at the hearing. In Continental Oil v. Williams,370 So.2d 953 (Ala. 1979), this Court stated that when a correction of a clerical error under Rule 60(a) is based upon the recollection of the court, it is not subject to contest.Id.
Based on the foregoing, we conclude that the trial court's April 22, 2005, order contained a clerical error to the extent that it inaccurately described Deramus as the prevailing party when, according to the trial court's amended order of June 17, 2005 — awarding damages in favor of American Hearing — Deramus was not entitled to a summary judgment. The trial court's June 17, 2005, amended order and judgment is consistent with the intent to rule in favor of American Hearing because it indicates that the trial court was not yet aware of its clerical mistake. The trial court clearly had a right to vacate the wrong order and to a enter a corrected order on June 29, 2005, for the purpose of making the record speak the truth. To conclude otherwise would allow for an erroneous *Page 295 
judgment to stand in favor of Deramus.
Nothing in the record indicates that the trial court, after entering summary judgment in favor of Deramus, reweighed the evidence and decided to change its mind and render a "different" judgment in favor of American Hearing. A judgment is a "different" judgment if it purports to change the facts or to reweigh the evidence. See, e.g., Reaves v. Reaves,883 So.2d 693 (Ala.Civ.App. 2003) (trial court's mistake in dividing husband's retirement accounts in divorce proceeding was a not a clerical error, but a mistake of fact — i.e., how to divide retirement funds); and Crowson, supra (trial court's initial finding that claimant was permanently and totally disabled and subsequent finding that he was 98% disabled was not a clerical error, but a change in the trial court's initial findings). The type of correction in the instant case was clerical in that the correction did not involve one of judicial reasoning, i.e., a mistake of fact or modification of an original judgment, which would require judicial discretion under Rule 60(b), Ala. R. Civ. P. A contrary conclusion would require this Court to call into question the veracity of the trial court by contradicting the trial court's express disavowal of any such intention. This we decline to do.
Based on the foregoing, we conclude that the trial court did not err in denying Deramus's motion to set aside the June 17, 2005, amended order and judgment and the June 29, 2005, final order. Accordingly, the judgment of the trial court entering a summary judgment in favor of American Hearing and awarding American Hearing $87,739.35 plus court costs is affirmed.
American Hearing asserts in its brief on appeal that both parties submitted proposed orders to the trial court. American Hearing further asserts that at the conclusion of the April 19, 2005, hearing, it was under the impression that the trial court had granted its motion and, accordingly, it went to the clerk's office to request a certificate of judgment. It was at this point that American Hearing learned that the trial court had apparently signed the wrong order. Deramus requests that this Court strike these assertions made by American Hearing in its brief, because, it says, those assertions are not a part of the record on appeal, i.e., the transcript of the April 19, 2005, hearing is not before us. We note that while the assertions made by American Hearing are not disclosed in the record on appeal and cannot be considered on appeal, the assertions are, nevertheless, consistent with our finding that it was the trial court's intent to enter a summary judgment in favor of American Hearing. Therefore, we deny Deramus's motion to strike.
MOTION TO STRIKE DENIED; AFFIRMED.
NABERS, C.J., and SEE, HARWOOD, WOODALL, STUART, SMITH, BOLIN, AND PARKER, JJ., concur.