William Worth Brown III, the father of Amanda Leigh, a minor child, petitions this Court for a writ of mandamus directing the Court of Civil Appeals to quash its writ of mandamus, issued on August 29, 2006; the Court of Civil Appeals, in an unpublished order, directed the trial court to vacate its order of June 29, 2006, which granted the father custody of the child and to reinstate the custody provisions of the original divorce judgment issued on April 18, 2006, which granted custody of the child to the mother, Debra Denise Ratliff Brown. We grant the petition and issue the writ.
 Facts
The following facts are undisputed. On April 18, 2006, the trial court entered a final judgment divorcing the father and the mother. The written order awarded custody of the minor child, incorrectly referred to in the order as "Haley," to the mother; ordered the father to pay child support; set forth a visitation schedule for the father; and ordered the father to provide health insurance for the child. On May 24, 2006, the father filed a motion to alter, amend, or vacate the judgment of divorce, stating:
 "1. [T]he judgment of this court was inconsistent with applicable law of the State of Alabama; *Page 606 
 "2. [T]he judgment of this court was contrary to the weight of the evidence presented at the hearing; and
 "3. [T]he judgment of this court was inconsistent with the facts presented at trial."
The mother filed a response in which she argued that the father's motion to alter, amend, or vacate the judgment was due to be denied by operation of law because it was filed more than 30 days after the entry of the judgment. See Rule 59(e), Ala. R. Civ. P.
On June 29, 2006, the trial court, in light of the father's motion to alter, amend, or vacate, amended the judgment of divorce it had entered on April 18, 2006. That amended judgment awarded custody of the child to the father, ordered the mother to pay child support to the father, provided a visitation schedule for the mother, and ordered the mother to provide medical insurance for the child.
The mother petitioned the Court of Civil Appeals for a writ of mandamus ordering the trial court to vacate its amended final judgment of divorce, dated June 29, 2006, and to reinstate the original final judgment of divorce, dated April 18, 2006. In her petition, she argued that the trial court's June 29, 2006, order was void and due to be denied by operation of law because the father's motion to alter, amend, or vacate the judgment was untimely and the trial court therefore lacked jurisdiction to enter the order. While the petition for the writ of mandamus was before the Court of Civil Appeals, the trial court issued an "amended order," stating:
 "The court having been presented with a courtesy copy of the [petition for the] Writ of Mandamus and this Court's review of same, does offer the following as an amendment to the Order entered on June 29, 2006.
 "It was this Court's intention when it published the original Order herein that the custody of the minor child be awarded to the [father]. The first draft of this decree so stated (the first draft having been destroyed and cannot be attached as evidence).
 "Upon the printing of the Final Order, there was a reversal of the parties, in that portion of the Order awarding custody. The Court is at a loss to explain what happened; however, it is clear if one reads the Final Judgment entered on April 18, 2006, it does not carry the parties' minor child by name.
 "Again, the Court is uncertain as to exactly what happened, but this Order should be read as a correction of a scrivener's error.
 "This Court can only assume that when the draft was merged as a final copy, part of another Order was picked up somehow, inserted therein, and was not discovered by the Court until the motion was filed by the [father] on the motion to alter or amend."
On August 29, 2006, the Court of Civil Appeals, by an unpublished order, granted the petition and directed the trial court to vacate its June 29, 2006, order and to enter an order reinstating the final judgment of divorce entered on April 18, 2006.
The father now petitions this Court for a writ of mandamus directing the Court of Civil Appeals to quash its writ.
 Standard of Review "`A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion. Ex parte Fidelity Bank, 893 So.2d 1116, 1119 (Ala. 2004). A writ of mandamus is "appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by *Page 607 
a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001).'
 "Ex parte Antonucci, 917 So.2d 825, 830
(Ala. 2005)."
Ex parte Rawls, 953 So.2d 374, 377 (Ala. 2006).
 Legal Analysis
The father contends that the Court of Civil Appeals erred in determining that the trial court had exceeded its discretion and in ordering the trial court to vacate its amended order, dated June 29, 2006, and to reinstate its original judgment of divorce, dated April 18, 2006. According to the father, although more than 30 days had passed since the final judgment was entered, the trial court nonetheless had jurisdiction to enter its June 29, 2006, order because, the father argues, the trial court was correcting a scrivener's error.
Rule 60(a), Ala. R. Civ. P., provides:
 "(a) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and error therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be corrected by the trial court. . . ."
In Higgins v. Higgins, 952 So.2d 1144, 1147-48
(Ala.Civ.App. 2006), the Court of Civil Appeals provided an instructive discussion of the scope of a trial court's authority to correct a clerical mistake, stating:
 "`The object of a Rule 60(a) [, Ala. R. Civ. P.,] motion or a judgment nunc pro tunc is to make the judgment or the record speak the truth. Under Rule 60(a) a correction may be made by the trial court at any time.
 "`The trial court's authority to enter a Rule 60(a) order or a judgment nunc pro tunc is not unbridled. It cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said. If the mistake involves an exercise of judicial discretion, any correction is beyond the scope of Rule 60(a) and should properly be effected under Rule 59(e) or Rule 60(b) [, Ala. R. Civ. P.]'
"McGiboney v. McGiboney, 679 So.2d 1066, 1068
(Ala.Civ.App. 1995) (citations omitted).
"Chief Justice Torbert explained the proper application of Rule 60(a) in his special concurrence in Ex parte Continental OilCo., 370 So.2d 953, 955-56 (Ala. 1979):
 "`Although there is no precise delineation in the cases construing Rule 60(a) of the [Alabama Rules of Civil Procedure] or its federal counterpart as to what constitutes a "clerical mistake or error arising from oversight or omission," generally it can be said that the rule allows the correction of errors of a ministerial nature in order to reflect what was actually intended at the time of entry of the order. The rule contemplates the type of error associated with mistakes in transcription, alteration, or omission of any papers and documents — a mistake mechanical in nature which does not involve a legal decision or judgment. In re Merry Queen Transfer Corp., 266 F.Supp. 605 (E.D.N.Y.1967). In this respect it has been stated that:
 "`"Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was *Page 608 
entered. It permits the correction of irregularities which becloud but do not impugn it. To that end 60(a) permits, inter alia, reasonable additions to the record. In contrast, Rule 60(b) is concerned with changing a final judgment, etc. In such a case the moving party understandably shoulders a much heavier burden."
"`United States v. Stuart, 392 F.2d 60, 62 (3rd Cir.1968). Corrections involving an exercise of judicial discretion or judgment modifying or enlarging a judgment or order are beyond the purview of Rule 60(a) and should properly be effected under Rule 59(e) or 60(b). "Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced." Wright Miller Kane,Federal Practice Procedure § 2854, at 149 (1973). This court has stated:
 "`"The object of a judgment nunc pro tunc is not the rendering of a new judgment and the ascertainment and determination of new rights, but is one placing in proper form on the record, the judgment that had been previously rendered, to make it speak the truth, so as to make it show what the judicial action really was, not to correct judicial errors, such as to render a judgment which the court ought to have rendered, in the place of the one it did erroneously render, nor to supply non-action by the court, however erroneous the judgment may have been."
"`Wilmerding v. The Corbin Banking Co.,126 Ala. 268, 273, 28 So. 640, 641 (1900).
 "`Since a correction pursuant to Rule 60(a) may be made at any time and on the trial court's initiative, the rule should be cautiously applied to preserve the integrity of final judgments. Otherwise, the finality of a judgment would only be illusory since the possibility would exist of substitution of a new judgment for the original one at a later date. Therefore, it is essential that there be something in the record from which the mistake or error to be corrected may be gleaned. See Ex parte ACK Radio Supply of Georgia, 283 Ala. 630, 219 So.2d 880
(1969); Busby v. Pierson, 272 Ala. 59, 128 So.2d 516 (1961); Tombrello Coal Co. v. Fortenberry, 248 Ala. 640, 29 So.2d 125 (1947). Stated differently, the fact of mistake or error must be supported by the record of the proceedings. See Harris v. Harris, 256 Ala. 192, 54 So.2d 291
(1951).'"
In Deramus Hearing Aid Center, Inc. v. American Hearing AidAssociates, 950 So.2d 292 (Ala. 2006), this Court addressed the issue whether a trial court had the authority to correct a clerical error in its written order entering a summary judgment for the wrong party. In its corrected order, issued over two months after the original order, the trial court stated that it had inadvertently entered a summary judgment in favor of Deramus Hearing and that the record of the summary-judgment hearing would support its original intent to enter a summary judgment for American Hearing. Deramus Hearing appealed, arguing that the amended order contained corrections that were not clerical in nature and, consequently, that Rule 60(a), Ala. R. Civ. P., did not authorize the trial court to make such a substantive change in the order. This Court held that Rule 60(a), Ala. R. Civ. P., was broad enough to authorize the trial court to correct such an inadvertent error because the *Page 609 
correction did not involve a reweighing of the evidence or reflect a change of mind regarding the decision. The Court noted that the trial court stated that the record would establish that the original order had improperly entered a summary judgment for Deramus Hearing because the record clearly established the intent of the trial court to enter a summary judgment for American Hearing. This Court, recognizing that the corrected order made the record speak the truth, held that the trial court did have the authority to set aside its original order entering a summary judgment for Deramus Hearing and issue a new order entering a summary judgment for American Hearing.
Like the materials before us in Deramus Hearing, the materials in this case clearly establish that the trial court, when it issued the June 29, 2006, order, was correcting a scrivener's error in its April 18, 2006, order, making the record speak the truth. The fact that the April 18, 2006, order awarded custody of a child designated as "Haley" to the mother evidences that that order contained clerical errors. Additionally, the trial court's amended order indicates that the corrections did not involve a reweighing of the evidence, a change of mind, or the rendering of a "different" judgment.[1]
The trial court's changes here involved corrections to make the record speak the truth. Because the trial court's corrections did not involve judicial reasoning or the rendering of a "different" judgment, the trial court, pursuant to Rule 60(a), Ala. R. Civ. P., had the authority to correct and was thereby acting within its discretion in correcting the mechanical errors in its April 18, 2006, order by issuing the June 29, 2006, order. As we stated in Deramus Hearing, "[a] contrary conclusion would require this Court to call into question the veracity of the trial court by contradicting the trial court's express disavowal of any such intention. This we decline to do."950 So.2d at 295. Therefore, the Court of Civil Appeals erred when it ordered the trial court to vacate its June 29, 2006, order and to reinstate the April 18, 2006, order.
 Conclusion
Because the father properly invoked the jurisdiction of this Court, has established a clear legal right to the relief he has requested, and has established that the Court of Civil Appeals has a duty to rescind its writ and that he lacks another legal remedy, we grant this petition and issue a writ ordering the Court of Civil Appeals to quash the writ of mandamus it issued on August 29, 2006.
PETITION GRANTED; WRIT ISSUED.*
COBB, C.J., and SEE, LYONS, SMITH, BOLIN, and PARKER, JJ., concur.
WOODALL, J., dissents.
MURDOCK, J., recuses himself.
[1] In Deramus Hearing, this Court stated that a "different" judgment is a judgment that "purports to change the facts or to reweigh the evidence." 950 So.2d at 295.
* Note from the reporter of decisions: On March 27, 2007, the Court of Civil Appeals quashed the mandamus petition issued on August 29, 2006 (2050821). *Page 610