I respectfully dissent because I believe the mother's appeal must be dismissed as untimely.
In Ex parte Brown, 963 So.2d 604 (Ala. 2007), the Alabama Supreme Court held that the trial court's June 29, 2006, judgment was the correction of a clerical error in its April 18, 2006, judgment pursuant to Rule 60(a), Ala. R. Civ. P. When a trial court corrects a judgment pursuant to Rule 60(a), the corrected judgment and the running of the time for taking an appeal relate back to the entry of the original judgment. Edmonds v. Bessemer Bd. of Educ.,736 So.2d 646 (Ala.Civ.App. 1999); Wilson v. Leek's 66 Serv.Station, 513 So.2d 620 (Ala.Civ.App. 1987).
 "[T]he substantive effect of a Rule 60(a) order `is a correction of the original judgment to reflect the original intention of the trial court'; thus, `[t]he amendment relates back to the original judgment and becomes a part of it.' Bergen-Patterson, Inc. v. Naylor, 701 So.2d 826, 829 (Ala.Civ.App. 1997); see also Levine v. Malaga Rest, Inc., 501 So.2d 1231, 1234
(Ala.Civ.App. 1987) (order in the nature of a clerical correction to a judgment under Rule 60(a) held not to toll the time for taking an appeal from the judgment)."
Luker v. Carrell, [Ms. 2040318, March 31, 2006] ___ So.2d ___, ___ (Ala.Civ.App. 2006), reversed on other grounds,Ex parte Luker, [Ms. 1051805, August 31, 2007] ___ So.2d ___ (Ala. 2007).
The main opinion states that the relation-back rule "presupposes that the original judgment accurately indicates which party the trial court intended to rule against."988 So.2d at 1057. The relation-back cases decided by our supreme court, however, are not based on that presupposition. See,e.g., Deramus Hearing Aid Center, Inc. v. American Hearing AidAssociates, 950 So.2d 292 (Ala. 2006). In DeramusHearing, the original judgment "inaccurately described Deramus as the prevailing party," 950 So.2d at 294, when, according to the trial court's amended judgment, the court had originally intended to enter a judgment in favor of American Hearing.
As the main opinion observes, if the original judgment does not accurately identify the party against whom the trial court intended to rule, then that party has no adverse ruling upon which to base an appeal. Nevertheless, the party against whom the amended judgment is entered is not without a remedy because that party may file a motion pursuant to Rule 77(d), Ala. R. Civ. P., to extend the time for taking an appeal.
We are bound by the Alabama Supreme Court's decisions in Exparte Brown and Deramus Hearing. See § 12-3-16, Ala. Code 1975. Because the trial court's June 29, 2006, amendment of the judgment related back to the original April 18, 2006, judgment, and because the mother did not appeal within 42 days of the April 18, 2006, judgment, the appeal is untimely and must be dismissed.
PITTMAN, J., concurs.