MOORE, Judge.
Donald C. Cox (“the father”) appeals from judgments entered by the Autauga Circuit Court (“the trial court”), one modifying his child-support obligation to Stacy R. Cox (“the mother”) (case no. DR-02-85.02) and the other denying his complaint to modify custody of B.C., the parties’ child who was still under the age of majority (case no. DR-02-85.03). In appeal no. 2141036, we affirm the trial court’s judgment with regard to the modification of the father’s child-support obligation. In appeal no. 2150667, we dismiss the father’s appeal from the judgment denying his petition to modify custody.

Procedural History

The parties were divorced by a judgment of the trial court entered on July 22, 2002. Pursuant to that judgment, the mother was awarded “primary” physical custody of B.C. and his sibling, S.C., and the father was ordered to pay monthly child support in the amount of $880 plus 15% of the gross amount of any year-end bonus that he receives.[1] On February 15, 2011, the trial court modified the divorce judgment by awarding “primary” physical custody of S.C. to the father and by decreasing the father’s child-support obli *1217 gation for B.C. to $460 per month.[2]
On October 4, 2013, the mother filed a complaint commencing an action to modify the father’s child-support obligation (“the child-support action”); that action was assigned case no. DR-02-85.02. On October 8, 2013, the father filed a complaint commencing a separate action to, among other things, modify custody of B.C. (“the custody-modification action”); that action was assigned case number DR-02-85.03. On November 20, 2013, the trial court consolidated the actions. On April 30, 2014, the mother filed an answer and a counterclaim to the father’s complaint. On May 12, 2015, the trial court entered a final judgment in each action denying all requests for relief. On June 11, 2015, the mother filed a postjudgment motion in only the child-support action. On September 7, 2015, the trial court entered an order stating: “The [mother’s] Motion to Alter, Vacate or Amend the Final Decree of May 12, 2015 is hereby denied.” On September 8, 2015, the trial court entered an order stating, in pertinent part: “On September 7, 2015 the Court inadvertently entered an electronic Order denying the [mother’s] said motion. The Order entered by the Court on September 7, 2015, is vacated in its entirety and this Order is substituted therefore nunc pro tunc.” The September 8 order granted the mother’s post-judgment motion and further provided that the father’s child-support obligation would be increased to $876.14 per month. On September 10, 2015, the father filed his notice of appeal.[3]

Discussion

On appeal, the father first argues that the trial court lacked jurisdiction to enter the September 8, 2015, order vacating its September 7, 2015, order entered in the child-support action.
“Rule 60(a), Ala. R. Civ. P., provides that a trial court may correct a clerical mistake in a judgment at any time [on] its own initiative. The Committee Comments on 1973 Adoption of Rule 60(a), Ala. R. Civ. P., citing West Virginia Oil & Gas Co. v. George E. Breece Dumber Co., 213 F.2d 702 (5th Cir. 1954), state that a ‘Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.’ Black’s Law Dictionary 582 (8th ed.2004), defines ‘clerical error’ as ‘[a]n error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination.’ (Emphasis added.)”
Deramus Hearing Aid Ctr., Inc. v. American Hearing Aid Assocs., Inc., 950 So.2d 292, 293-94 (Ala.2006).
In Deramus, our supreme court concluded that the trial court in that case had acted within its power under Rule 60(a), Ala. R. Civ. P., in correcting a cleri *1218 cal error. The trial court had originally entered a - summary judgment in favor of Deramus Hearing Aid Center, Inc. In an amended order, the trial court stated that it had actually intended to enter a summary judgment in favor of American Hearing Aid Associates, Inc. See 950 So.2d at 293. Our supreme reasoned:
“Nothing in the record indicates that the trial court, after entering summary judgment in favor of Deramus, reweighed the evidence and decided to change its mind and render a ‘different’ judgment in favor of American Hearing. A judgment is a ‘different’ judgment if it purports to change the facts or to reweigh the evidence. See, e.g., Reaves v. Reaves, 883 So.2d 693 (Ala.Civ.App.2003) (trial court’s mistake in dividing husband’s retirement accounts in divorce proceeding ’was a not á clerical error, but a mistake of fact—i.e., how to divide retirement funds); and Crowson[ v. Woolard Bros., 879 So.2d 1203 (Ala.Civ.App.2003)] (trial court’s initial finding that claimant was permanently and totally disabled and subsequent finding that he was 98% disabled was not a clerical error, but a change in the trial court’s initial findings). The type of correction in the instant case was clerical in that the correction did not involve one of judicial reasoning, i.e., a mistake of fact or modification of an original judgment, which would require judicial discretion .under Rule 60(b), Ala. R. Civ. P. A contrary conclusion would require this Court to call into question the veracity of the trial court by contradicting the trial court’s express disavowal of any such intention. This we decline to do.” ’
950 So.2d at 295.
Similarly, in the child-support action, the trial court specifically stated in its September 8, 2015, order that its September 7, 2015, order had been entered inadvertently, and it proceeded to correct that order pursuant to Rule 60(a). This court will not “call into question the veracity of the trial court by contradicting the trial court’s [explanation].” Deramus, 950 So.2d at 295. Because, pursuant to Rule 60(a), a trial court “may correct a clerical mistake in a judgment at any time [on] its own initiative,” Deraums, 950 So.2d at 293, we conclude that the trial court acted within its jurisdiction in entering its September 8, 2015, order.
The father next argues that the trial court erred in increasing his child-support obligation because, he says, there was no evidence indicating that the needs of B.C. had increased. Rule 32(A)(3), Ala. R, Jud. Admin,, provides, in pertinent part:
“(b) A party seeking a modification of child support must plead and prove that there has occurred a material change in circumstances that is substantial and continuing since the last order of child support.
“(c) There shall be a rebuttable presumption that child support should be modified when the difference between the existing -child-support award and the amount determined by application of these guidelines varies more than ten percent (10%), unless the variation is due to the fact that the existing child-support award resulted from a .rebuttal of the guidelines and there has been no change in the circumstances that resulted in the rebuttal of the guidelines.”
In the present case, the.father testified that his monthly child-support obligation for B.C. had been set at a reduced amount ($460) in the February 15, 2011, judgment because the parties each had custody of one child. Since the entry of the February 15, 2011, judgment, S.C. had reached the age of majority and was no longer living with the father; thus, there was evidence *1219 indicating that, since the entry of the last order of child support, a material change in circumstances had occurred and that that change is substantial and continuing. See Rule 32(A)(3)(b). The trial court calculated the father’s child-support obligation according to the child-support guidelines of Rule 32 and determined that the father’s monthly child-support obligation for B.C. was due to be modified to $876.14. The difference in the father’s previous child-support obligation of $460 per month and the new amount as determined by the trial court ($876.14) is more than 10%. Therefore, there was a rebutta-ble presumption that the father’s child-support obligation was due to be modified, and the father failed to rebut that presumption. Accordingly, we will not reverse the trial court’s judgment on this point. See, e.g., Ex parte Moore, 805 So.2d 715, 720 (Ala.2001) (affirming modification of child support where oldest two children had reached the age of majority and one other child had married, noting that the application of the child-support guidelines resulted in a presumption that there had been a material change in circumstances).
Finally, the father argues that the trial court erred in denying his custody-modification complaint because, he says, B.C. testified that he wanted to live with the father. That issue arises solely from the appeal of the judgment entered in the custody-modification action, which was entered on the same date as the judgment entered in the child-support action. Because the trial court adjudicated all claims of the parties in those judgments, the period for appealing from either of those judgments commenced on the date of their entry. See Hanner v. Metro Bank & Protective Life Ins. Co., 952 So.2d 1056 (Ala.2006) (holding that parties may appeal only when all consolidated actions have been resolved). However, the mother filed a postjudgment motion in the child-support action, which tolled the time for taking an appeal from the judgment entered in that action but did not toll the time for appealing the judgment entered in the custody-modification action.
In Pitts v. Jim Walter Resources, Inc., 994 So.2d 924 (Ala.Civ.App.2007), two brothers filed separate actions against the same defendant. The trial court consolidated the actions and entered final judgments in both cases on the same date. One of the brothers filed a post-judgment motion in his case, but the other brother did not. After the trial court denied the postjudgment motion, both brothers appealed. This court determined that, although Hanner provides that the appeal period runs from the date all consolidated actions are adjudicated, Hanner does not provide that the filing of a postjudgment motion in one action tolls the appeal period as to the other action. This court reasoned that,
“where ‘several actions are ordered to be consolidated for trial, each action retains its separate identity and thus requires the entry of a separate judgment.’ League v. McDonald, 355 So.2d 695, 697 (Ala.1978), cited with approval by Solomon v. Liberty Nat’l Life Ins. Co., 953 So.2d 1211 (Ala.2006).
“‘Moreover, “[a]n order of consolidation does not merge the actions into a single [action], change the rights or the parties, or make those who are parties to one [action] parties to another.” Jerome A. Hoffman, Alabama Civil Procedure § 5.71 (2d ed.2001) (citing Evers v. Link Enters., Inc., 386 So.2d 1177 (Ala.Civ.App.1980)). Finally, “ ‘in consolidated actions ... the parties and pleadings in one action do not become parties and pleadings in the other.’” Ex parte Flexible Prods. Co., 915 So.2d 34, 50 *1220 (Ala.2005) (quoting Teague v. Motes, 57 Ala.App. 609, 613, 330 So.2d 434, 438 (Ala.Civ.App.1976)).’
“Solomon, 953 So.2d at 1222 (emphasis added).”
994 So.2d at 930. This court concluded that the postjudgment motion tolled the time for appeal only in the action in which the postjudgment had been filed. Accordingly, the court dismissed the appeal taken from the judgment entered in the other action, which had been filed more than 42 days from entry of the final judgments.
In the present case, the mother’s post-judgment motion in the child-support action did not toll the time for the father to take an appeal from the judgment entered in the custody-modification action, which became final on May 12, 2015. The father filed his notice of appeal from the judgment entered in the custody-modification action 121 days after the entry of the trial court’s judgment in that action, well beyond the 42-day appeal period. See Rule 4(a)(1), Ala. R.App. P. Therefore, we dismiss the father’s appeal from the judgment entered in the custody-modification action. Pitts, 994 So.2d at 930.

Conclusion

Based on the foregoing, we affirm the trial court’s judgment in the child-support action. We dismiss the father’s appeal from the judgment entered in the custody-modification action. The father’s request for an award of attorney’s fees on appeal is denied.
2141036—AFFIRMED. '
2150667—APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. We interpret the divorce judgment as awarding the mother sole physical custody and awarding the father visitation. See Ex parte Stouffer, 214 So.3d 1192, 1195-96 (Ala.Civ.App.2016). The term "primary” physical custody is an incorrect term and is not recognized in Alabama law.

. We interpret the judgment as awarding the father sole physical custody of S.C. and awarding the mother visitation. See note 1, supra.

. The notice of appeal filed by the father referenced only the civil-action number in the child-support action; however, the father clearly indicated in the docketing statement that he was also appealing from the judgment entered in the custody-modification action. See Okafor v. State, [Ms. 2140649, Feb. 12, 2016] — So.3d — (Ala.Civ.App.2016) (holding that, when appellate court can glean intent of appellant to appeal from judgment from docketing statement, strict compliance with rules of appellate procedure will not be required); R.J.G. v. S.S.W., 42 So.3d 747, 751 n. 2 (Ala.Civ.App.2009) (when intent to appeal both judgments from consolidated actions clearly appears, this court will accept one notice of appeal as to judgments entered in both actions).