MURDOCK, Justice
(dissenting).
I refer the reader to the procedural history of this case as set out in the opinion of the Court of Civil Appeals. Cox v. Cox, 218 So.3d 1215, 1216-17 (Ala.Civ.App.2016).
When the trial court consolidated the separate actions of the mother and the father, they became a single action to which the requirements of Rule 54(b), Ala. *1221 R. Civ. P., were applicable.[1] Thus, barring a Rule 54(b) certification (which was not entered here and would, in any event, have been inappropriate because of the intertwined nature of the claims), no portion of the judgment of the trial court in the consolidated action became final until all the claims in the cases were finally adjudicated in accordance with applicable rules of procedure. Thus, during the continued pendency of the mother’s child-support claim as a result of the filing of her post-judgment motion, the trial court’s adjudication of the father’s custody claim also remained pending in the trial court. The trial court’s adjudication of the two claims in the single, consolidated action became final for purposes of appeal at the same time, a conclusion dictated by this Court’s holding in Hanner v. Metro Bank & Protective Life Insurance Co., 952 So.2d 1056, 1060-61 (Ala.2006).
The Court of Civil Appeals held that the father’s appeal was untimely because the filing of a postjudgment motion as to the mother’s child-support claim tolled the time for appeal only as to that claim. But this holding ultimately fails to fully account for this Court’s holding in Hanner. Specifically, the Court of Civil Appeals, citing its own opinion in a 2007 case, which in turn relied upon various cases that predated or failed to take account of this Court’s 2006 decision in Hanner, based its holding on the following legal principles:
“‘[Wjhere “several actions are ordered to be consolidated for trial, each action retains its separate identity and thus requires the entry of a separate judgment.” League v. McDonald, 355 So.2d 695, 697 (Ala.1978), cited with approval by Solomon v. Liberty Nat’l Life Ins. Co., 953 So.2d 1211 (Ala.2006).
“ ‘ “Moreover, ‘[a]n order of consolidation does not merge the actions into a single [action], change the rights or the parties, or make those who are parties to one [action] parties to another.’ Jerome A. Hoffman, Alabama Civil Procedure § 5.71 (2d ed.2001) (citing Evers v. Link Enters., Inc., 386 So.2d 1177 (Ala.Civ.App.1980)). Finally, ‘ “in consolidated actions ... the parties and pleadings in one action do not become parties and pleadings in the other.” ’ Ex parte Flexible Prods. Co., 915 So.2d 34, 50 (Ala.2005) (quoting Teague v. Motes, 57 Ala.App. 609, 613, 330 So.2d 434, 438 (Ala.Civ.App.1976)).”
“ ‘Solomon, 953 So.2d at 1222 (emphasis added).’ ”
Cox, 218 So.3d at 1219-20 (quoting Pitts v. Jim Walter Res., Inc., 994 So.2d 924, 930 (Ala.Civ.App.2007) (emphasis added)). But this Court rejected the above-quoted legal principles in Hanner:
“According to Wright and Miller:
“ ‘Although federal courts usually have said that consolidated actions do not lose their separate identity, some courts have reasoned persuasively that they should be treated as a single action for purposes of review by way of Rule 54(b), and that a judgment in the consolidated case that does not dispose of all claims and all parties is appealable only if certified as that rule requires.’
“9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2386 (2d ed.1995) (footnote omitted). The United States Court of Appeals for the Ninth Circuit has said:
*1222 “ ‘In our view, the best approach is to permit the appeal only when there is a final judgment that resolves all of the consolidated actions unless a 54(b) certification is entered by the district court. This leaves the discretion with the court which is best able to evaluate the [e]ffect of an interim appeal on the parties and on the expeditious resolution of the entire action.’
“Huene v. United States, 743 F.2d 703, 705 (9th Cir.1984). See, also, Trinity Broad. Corp. v. Eller, 827 F.2d 673, 675 (10th Cir.1987) (To obtain review of one part of a consolidated action, appellant must obtain certification under Fed. R.Civ.P. 54(b),’); and Spraytex, Inc. v. DJS&T, 96 F.3d 1377, 1382 (Fed.Cir. 1996) (‘We now extend this approach to join the Ninth and Tenth Circuits in adopting the rule that, absent Rule 54(b) certification, there may be no appeal of a judgment disposing of fewer than all aspects of a consolidated case.’). We find persuasive the holdings of these decisions interpreting the Federal Rules of Civil Procedure, on which our own Rules of Civil Procedure are based. Accordingly, we hold that a trial court must certify a judgment as final pursuant to Rule 54(b), Ala. R. Civ, Pbefore a judgment on fewer than all the claims in a consolidated action can be appealed.”
Hanner, 952 So.2d 1056, 1060-61 (emphasis added).
It appearing to me that the Court of Civil Appeals’ treatment of the father’s appeal as untimely is based on legal principles that have been superseded by and are irreconcilable with this Court’s holding in Hanner, I respectfully dissent from the denial of further review in this case.

. The trial court's merger of the parties’ competing claims into a single action was appropriate, given the dependent and intertwined nature of the claims asserted in the separate actions. The mother’s claim for additional child support could not be properly adjudged without a resolution of the father's claim for custody.