REL:  January 20, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023
_____

## CL-2022-1157
_____

## Ex parte Joshua P. Pike

## PETITION FOR A WRIT OF MANDAMUS

## (In re: Kayla Laine Pike

## v.

## Joshua P. Pike)

## (Shelby Circuit Court, DR-22-900538)

MOORE, Judge.

Joshua P. Pike ("the husband") petitions this court for a writ of mandamus directing the Shelby Circuit Court ("the trial court") to vacate its order denying the husband's motion to dismiss the complaint for a

divorce filed by Kayla Laine Pike ("the wife") against the husband and to enter an order dismissing that complaint. We deny the petition.

Procedural History

On September 5, 2022, the husband filed in the trial court a complaint seeking a legal separation from the wife; that complaint was assigned to Judge Patrick Kennedy and was assigned case number DR-22-900530 ("the separation action"). On September 9, 2022, before the wife was served with the husband's complaint in the separation action, the wife filed in the trial court a complaint for a divorce from the husband; that complaint was assigned to Judge Jonathan A. Spann and was assigned case number DR-22-900538 ("the divorce action"). On September 13, 2022, the husband filed in the divorce action a motion to dismiss the wife's complaint filed in the divorce action because, he argued, her claim for a divorce was a compulsory counterclaim that should have been asserted in the separation action. The wife filed a response to the husband's motion, requesting that the separation action and the divorce action be consolidated and that the divorce complaint be treated as a counterclaim to the complaint for a legal separation. On October 26, 2022, Judge Spann entered an order in the divorce action,

denying the husband's motion to dismiss and directing the husband to file an answer to the wife's complaint for a divorce within 14 days.

On November 7, 2022, the husband filed in the divorce action a motion to alter, amend, or vacate the October 26, 2022, order.[1] He filed in the divorce action, on November 8, 2022, a motion requesting to extend the time for filing an answer to the complaint for a divorce, which motion, he argued, was in the nature of a request for a stay because, he alleged, there remained a legitimate dispute about the dismissal of the divorce action. Judge Spann entered an order denying the husband's request for an extension of time on November 9, 2022. On that same date, Judge Spann entered an order denying the husband's motion to alter, amend,

---

[1]We note that the husband's November 7, 2022, motion to alter, amend, or vacate the October 26, 2022, order did not toll the time for filing a timely petition for the writ of mandamus. See Ex parte Troutman Sanders, LLP, 866 So. 2d 547, 550 (Ala. 2003) (clarifying that Rule 59, Ala. R. Civ. P., does not apply to interlocutory orders such as orders denying motions to dismiss and does not toll the time for seeking appellate relief). Regardless, his petition for the writ of mandamus was timely filed within 42 days of the denial of his motion to dismiss on October 26, 2022. See Rule 21(a)(3), Ala. R. App. P. (indicating that a petition for the writ of mandamus shall be filed within a reasonable time and that the presumptively reasonable time for filing shall be the same as the time for taking an appeal); Rule 4(a)(1), Ala. R. App. P. (providing the time to take an appeal).

or vacate the October 26, 2022, order. Judge Spann noted in that order that the separation action had been dismissed on November 7, 2022. The husband acknowledges in his mandamus petition before this court that the separation action was dismissed by Judge Kennedy sua sponte; he asserts, however, that he filed in the separation action a motion to vacate that dismissal and that that motion remains pending. The husband filed his mandamus petition in this court on November 10, 2022.

Standard of Review

A petition for a writ of mandamus is the appropriate vehicle to review an order denying a motion to dismiss based on the compulsory-counterclaim rule. See Ex parte Hayslip, 297 So. 3d 381, 387 (Ala. 2019).

> "'"A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion. Ex parte Fidelity Bank, 893 So. 2d 1116, 1119 (Ala. 2004). A writ of mandamus is 'appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' Ex parte BOC Group, Inc., 823 So. 2d 1270, 1272 (Ala. 2001)."'"

Ex parte Brown, 963 So. 2d 604, 606-07 (Ala. 2007) (quoting Ex parte Rawls, 953 So. 2d 374, 377 (Ala. 2006), quoting in turn Ex parte Antonucci, 917 So. 2d 825, 830 (Ala. 2005)).

4

Analysis

The husband argues that the trial court erred in denying his motion to dismiss because, he says, the wife was required to file her complaint for a divorce as a compulsory counterclaim in the separation action pursuant to Rule 13(a), Ala. R. Civ. P. Rule 13(a) provides, in pertinent part:

> "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

In his November 9, 2022, order, Judge Spann relied on § 30-2-40(c), Ala. Code 1975, and this court's opinion in Faellaci v. Faellaci, 98 So. 3d 521 (Ala. Civ. App. 2012), in denying the husband's motion to dismiss the divorce action. Section 30-2-40(c) provides, in pertinent part, that "[a] proceeding or judgment for legal separation shall not bar either party from later instituting an action for dissolution of the marriage." In Faellaci, a judgment of legal separation was entered on May 8, 2006, incorporating a separation agreement that had been signed by the parties in that case. On February 28, 2008, one of the parties filed a petition to

set aside the separation agreement and a complaint for a divorce. In concluding that the entry of an initial divorce judgment following the entry of the legal-separation judgment was not a modification of the legal-separation judgment and that a divorce action is a separate action, this court stated, in pertinent part:

> "A divorce action filed after the entry of a legal-separation judgment is distinguishable because an action in which a legal-separation judgment is entered is a wholly separate proceeding from a divorce action. Pursuant to § 30-2-40(c), [Ala. Code 1975,], a trial court has continuing jurisdiction to modify the terms of a legal-separation agreement while the parties are separated. However, once one party files for a divorce, and a new action is commenced, a trial court must operate pursuant to its authority under § 30-2-1, Ala. Code 1975 (granting a circuit court the power to divorce parties from the bonds of matrimony upon a complaint filed by one of the parties)."

98 So. 3d at 534 (footnote omitted).

The husband argues in his petition before this court that Faellaci is distinguishable from the present case because, he says, a legal-separation judgment had already been entered in Faellaci and the case had been closed whereas, in the present case, the legal-separation complaint had not yet been adjudicated at the time the wife initiated the divorce action. The husband's attempted distinction fails, however, in

6

light of the language in § 30-2-40 itself, which provides that a party is not barred from instituting an action for dissolution of the marriage by either a "proceeding <u>or</u> judgment for legal separation." (Emphasis added.)

> "'""There is a presumption that every word, sentence, or provision [of a statute] was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions were used.'"' <u>Ex parte Uniroyal Tire Co.</u>, 779 So. 2d 227, 236 (Ala. 2000) (quoting <u>Sheffield v. State</u>, 708 So. 2d 899, 909 (Ala. Crim. App. 1997))."

<u>Surtees v. VFJ Ventures, Inc.</u>, 8 So. 3d 950, 970 (Ala. Civ. App. 2008) (quoting <u>Ex parte Uniroyal Tire Co.</u>, 779 So. 2d 227, 236 (Ala. 2000)).

The use of the word "or" in § 30-2-40(c) indicates that a party is not barred from instituting an action for dissolution of the marriage by either a judgment for legal separation, which was in existence at the time of the initiation of the divorce action in <u>Faellaci</u>, <u>or</u> by "[a] proceeding … for legal separation." To limit the application of § 30-2-40(c) to those cases in which a separation judgment has already been entered would be to ignore the word "or" in that statute or to render it ineffective. <u>See</u> <u>Surtees</u>, <u>supra</u>. We conclude that the use of the word "or" was not superfluous in § 30-2-40(c) and was intended to allow for the initiation of a divorce action despite the pendency of legal-separation proceedings or

the previous entry of a legal-separation judgment. See IBI Grp., Michigan, LLC v. Outokumpu Stainless USA, LLC, 180 So. 3d 2, 7 (Ala. 2015) (holding, in pertinent part, that "'the word "or" is a disjunctive unless the context in which it was used shows clearly that the contrary was intended'" (emphasis omitted) (quoting Smith v. Hutson, 262 Ala. 352, 353, 78 So. 2d 923, 924 (1955)). Our holding is bolstered by the discussion of § 30-2-40(c) in the Comment to § 30-2-40, which indicates that the statement at issue "was added [to § 30-2-40(c)] so that couples who separate with hopes of later reconciliation would not be deterred from seeking a legal separation because of an unfounded fear that the legal separation would delay or hinder a divorce if an attempted reconciliation proved to be unsuccessful." Because this court has recognized a divorce action as being a wholly separate proceeding from a legal-separation action, see Faellaci, supra, and because § 30-2-40(c) provides for the initiation of a divorce action despite the pendency of a legal-separation proceeding, we conclude that the husband has failed to show that the wife was required to file her claim for a divorce as a compulsory counterclaim in the separation action.

We conclude that the husband has not shown a clear legal right to the relief requested in his petition. Accordingly, the petition is denied.

PETITION DENIED.

Thompson, P.J., and Edwards, Hanson, and Fridy, JJ., concur.