Rel: November 21, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

————————————————

## CL-2025-0769

————————————————

## Ex parte Christina Marie Alvarado

## PETITION FOR WRIT OF MANDAMUS

## (In re: Skip Edward Alvarado

## v.

## Christina Marie Alvarado)

## (Baldwin Circuit Court: DR-25-900868)

EDWARDS, Judge.

On July 17, 2025, Skip Edward Alvarado ("the husband") filed in the Baldwin Circuit Court ("the trial court") a complaint seeking a divorce from Christina Marie Alvarado ("the wife"). Also on July 17,

2025, the husband filed in the trial court an affidavit of substantial hardship, alleging that he was unable to pay the docket fee and service fees because of his indigency and requesting that the trial court waive the prepayment of those fees. That same day, the trial court entered an order denying the husband's request.

On July 24, 2025, the trial court entered an order instructing the husband to pay the docket fee associated with the filing of the complaint within 30 days.[1] On August 21, 2025, the husband paid the docket fee. Also, on August 21, 2025, the wife filed a motion to dismiss the husband's divorce complaint. In her motion, the wife, citing § 12-19-70(b), Ala. Code 1975, argued that the trial court had lost jurisdiction over the case because of the husband's failure to pay the docket fee within 30 days of the entry of the trial court's July 17, 2025, order denying the husband's request in his affidavit of substantial hardship. Following a hearing, the

---

[1]Circuit Judge William E. Scully, Jr., entered the order denying the husband's request in his affidavit of substantial hardship; however, Circuit Judge Karol J. Kemp entered the July 24, 2025, order. It is unclear when or why the matter was reassigned from Judge Scully to Judge Kemp, but, in the July 24, 2025, order, Judge Kemp noted that the case had been reassigned to her.

trial court, on September 9, 2025, entered an order denying the wife's motion to dismiss.

On September 10, 2025, the wife timely filed in this court a petition for a writ of mandamus directing the trial court to grant her motion to dismiss the husband's divorce complaint. Although we called for answers to the petition, no answers to the petition were filed.

A petition for the writ of mandamus is the appropriate means to review the denial of a motion to dismiss for lack of subject-matter jurisdiction. See Ex parte Vaughn, [Ms. CL-2024-0737, Nov. 15, 2024] ___ So. 3d ___ (Ala Civ. App. 2024).

> "'"A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion. Ex parte Fidelity Bank, 893 So. 2d 1116, 1119 (Ala. 2004). A writ of mandamus is 'appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' Ex parte BOC Group, Inc., 823 So. 2d 1270, 1272 (Ala. 2001)."'"

Ex parte Brown, 963 So. 2d 604, 606-07 (Ala. 2007) (quoting Ex parte Rawls, 953 So. 2d 374, 377 (Ala. 2006), quoting in turn Ex parte Antonucci, 917 So. 2d 825, 830 (Ala. 2005)).

Section 12-19-70(b) provides:

3

"The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship pursuant to the income guidelines provided in paragraphs a. and b. of subdivision (4) of [Ala. Code 1975, §] 15-12-1. A verified statement of substantial hardship, signed by the party claiming hardship, shall be filed with the clerk of court. The accompanying pleading shall be considered filed on the date that the verified statement of substantial hardship is filed with the court. If, within 90 days of the filing, the court makes a written finding that the party claiming hardship has the resources to pay the docket fee without substantial hardship, the party shall have 30 days from the date of the written finding of the court to submit payment of the docket fee or the case shall be dismissed for lack of jurisdiction. Until such time as the plaintiff pays the docket fee, the court shall stay the proceedings and the summons or other process for service shall not issue."

(Emphasis added.)

In her mandamus petition, the wife argues, as she did before the trial court, that she has a clear legal right to an order dismissing the husband's divorce complaint based on the husband's having failed to pay the docket fee within 30 days of the entry of the trial court's July 17, 2025, order denying the husband's request in his affidavit of substantial hardship, as required by § 12-19-70(b). We agree.

In Grant v. Cooper, [Ms. CL-2024-0564, Feb. 21, 2025] ___ So. 3d ___ (Ala. Civ. App. 2025), this court, applying § 12-19-70(b), stated:

4

"Here, the trial court entered an order on March 15, 2023, finding that [the plaintiff] was not indigent and denying his request for a waiver of the prepayment of the docket fee. There is no indication that [the plaintiff] submitted payment of the docket fee within 30 days from the date of that order. Indeed, almost nine months later, on December 1, 2023, [the defendants] filed a motion to dismiss the complaint because of [the plaintiff's] failure to pay the docket fee. Thereafter, the trial court entered an order finding that [the plaintiff] was indigent and waiving the prepayment of the docket fee.

"We note, however, that, pursuant to § 12-19-70(b), [Ala. Code 1975,] 30 days after March 15, 2023, the trial court lost jurisdiction over the matter because [the plaintiff] did not pay the docket fee."

Like in Grant, in the current case the trial court denied the husband's request in his affidavit of substantial hardship, and the husband failed to pay the docket fee within 30 days of the entry of the trial court's July 17, 2025, order denying the request in the affidavit of substantial hardship, as required by § 12-19-70(b). However, unlike in Grant, in the current case the trial court subsequently entered an order on July 24, 2025, instructing the husband to pay the docket fee within 30 days. That order, however, could not have extended the time for the husband to pay the docket fee beyond the 30 days provided in § 12-19-70(b).

It appears to this court that the language of § 12-19-70(b) is clear on its face, so

> "there is no room for judicial construction. When the language of a statute is plain and unambiguous, as in this case, courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning -- they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature."

Ex parte T.B., 698 So. 2d 127, 130 (Ala. 1997).

The plain language of § 12-19-70(b) clearly provides that the husband had 30 days from the entry of the July 17, 2025, order to pay the docket fee; when he did not do so, the trial court was required to dismiss the husband's case. See § 12-19-70(b); see also Hornsby v. Sessions, 703 So. 2d 932, 939 (Ala. 1997) ("The word 'shall' is considered presumptively mandatory unless something in the character of the provision being construed requires that it be considered differently."). Consequently, following the expiration of the 30-day period, the trial court lost subject-matter jurisdiction over the husband's case. See Grant, supra. Accordingly, the wife has established a clear legal right to the relief she seeks, and we grant her petition. The trial court is instructed to dismiss the husband's complaint for lack of subject-matter jurisdiction.

6

PETITION GRANTED; WRIT ISSUED.

Moore, P.J., and Hanson, Fridy, and Bowden, JJ., concur.